# Staunton

C. C. PEYTON, SUPERINTENDENT OF THE VIRGINIA STATE
PENITENTIARY v. MILTON LEE WEBB.

September 9, 1966.

Record No. 6249.

Present, All the Justices.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General,* on brief), for the plaintiff in error.

*W. Garland Clarke (Foster, Clarke and Johnston,* on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This is an appeal by C. C. Peyton, superintendent of the Virginia State Penitentiary, from a judgment of the trial court issuing a writ of habeas corpus ordering the superintendent to release the petitioner, Milton Lee Webb, from his custody and remanding him to the custody of the sheriff of Northumberland county, Virginia, for such action as the Commonwealth may be advised.

In his application for a writ of habeas corpus petitioner alleged that he was taken into custody on June 8, 1953, and charged with the murder of one Arthur Purcell; that no warrant of arrest was issued or served on him; that on July 23, 1953, he entered a plea of not guilty to an indictment charging him with Purcell's murder; that after a two-day trial the jury found him guilty of murder in the first degree and fixed his punishment at forty years in the State penitentiary, and he was sentenced in accordance with the jury's verdict; that after prolonged questioning by the arresting officers and the attorney for the Commonwealth, and under a threat of bodily harm, he confessed to having a fight with Arthur Purcell; that he was not afforded effective representation by his court-appointed attorneys; and that he was not advised by his counsel or the trial court that he had a right to an appeal.

Petitioner's application for a writ was amended on the day of the habeas corpus hearing to include allegations that a warrant for his arrest and the instructions given to the jury at his trial were not in the record of the criminal proceedings.

After hearing evidence, the trial judge found that petitioner had been afforded effective representation by his court-appointed attorneys, but held that the judgment of conviction was null and void and set it aside and ordered petitioner's release from confinement in the penitentiary on the grounds that (1) since the warrant on which he was alleged to have been arrested was not contained in

the record of the criminal trial, he was not satisfied from the evidence that the petitioner was "properly arrested"; and (2) the court's instructions to the jury were not found in the record of the criminal proceeding.

The superintendent contends that the court erred in issuing the writ ordering petitioner's release from confinement in the penitentiary on the grounds that the judgment of conviction was void because the warrant of arrest and instructions were not found in the record of the criminal proceedings.

The petitioner assigned as cross-error the failure of the court to hold that (1) he was denied effective representation of counsel at his trial, (2) he was denied due process and equal protection of the law when the trial court admitted into evidence a coerced confession, and (3) the trial court was under a duty to inform him of his right to an appeal.

The record of the criminal proceeding, which is a part of the record in this proceeding, discloses that a warrant of petitioner's arrest was not among the papers of his trial when his application for a writ of habeas corpus was heard in the court below. Petitioner testified that no warrant of arrest was ever issued or served on him. However, William M. Balderson, who was a justice of the peace in 1953, testified that he recalled issuing the warrant charging the petitioner with murder, and when he was brought before him by the officers making the arrest he advised petitioner he could be let to bail but that he would be committed to jail until he executed a bond for his appearance at a later date.

The trial court relied on *Winston* v. *Commonwealth*, 188 Va. 386, 49 S. E. 2d 611 (1948), in holding that defendant's conviction was null and void because he had been unlawfully held in custody without a warrant.

In *Winston* we held that under the facts and circumstances of that case the failure of the arresting officer to perform his duty by taking the defendant before a judicial officer within a reasonable time and without unnecessary delay, in order that the latter might inquire into the matter and determine whether a warrant should be issued for his detention or whether he should be released or admitted to bail, deprived Winston of his constitutional right to obtain evidence in his favor, and that his subsequent conviction lacked the due process of law which could not be remedied, even on a new trial.

But we also said in *Winston* that the failure of an officer to perform his legal duty does not necessarily deprive the Commonwealth of its right to enforce its penal laws unless it is made reasonably clear that his unlawful conduct has invaded the defendant's constitutional right by depriving him of evidence in his favor which he would have otherwise been able to obtain. (188 Va. at p. 396, 49 S. E. 2d at p. 616.)

In *McHone* v. *Commonwealth*, 190 Va. 435, 444, 57 S. E. 2d 109, 114 (1950), we held that while the defendant had been illegally detained, his subsequent conviction was not invalid because there was no showing that such detention had deprived him of his constitutional right to call for evidence in his favor.

In *Holt* v. *City of Richmond*, 204 Va. 364, 131 S. E. 2d 394 (1963), cert. den., 376 U. S. 917, 84 S. Ct. 672, 11 L. ed. 2d 613, defendant was taken into custody for operating an automobile while under the influence of intoxicants and the officers did not, as required by law, take him with reasonable promptness and without unnecessary delay before a judicial officer who might determine whether he should be released, admitted to bail, or jailed. On appeal we upheld Holt's conviction, since there was no showing that the illegal conduct of the police officers resulted in depriving Holt of evidence material to his defense or an opportunity to obtain such evidence.

In the present case petitioner does not contend that his detention without a warrant deprived him of any evidence or even the opportunity of obtaining any evidence in his behalf.

Petitioner was indicted by the grand jury at its June 1953 term, which was held soon after his arrest. He was tried and convicted on the indictment and not on a warrant. There was no constitutional requirement in 1953, when petitioner was tried, nor is there any requirement today, that a warrant has to be issued before one charged with a felony can be indicted by a grand jury. See *Webb* v. *Commonwealth*, 204 Va. 24, 30, 31, 129 S. E. 2d 22, 27.

Even if it be conceded that petitioner was detained without a warrant before he was indicted, the Commonwealth is not deprived of the right to enforce its criminal laws since petitioner does not claim that his detention prevented him from obtaining evidence in his behalf. Hence petitioner was not deprived of his constitutional right.

It is true that Rule 5:1, § 3(b), Rules of Court, requires

that instructions to the jury shall be initialed by the trial judge and made a part of the record, and under § 17-44, Code of 1950, as amended, a duty is imposed on the clerk to preserve them.

Petitioner admitted that written instructions were given to the jury and he does not say that any of them were erroneous. While it was shown that there was a neglect of duty on the part of the one charged with the responsibility of keeping the instructions with the papers of the trial, petitioner's constitutional right was not violated. The mere fact that the instructions were not found among the papers of the criminal trial thirteen years thereafter does not show that petitioner's trial was void.

■ Petitioner's cross-assignments of error 1 and 3 will be considered together. Under assignment 1 he says that he was denied effective representation of counsel because he was not told he had a right to appeal; and under assignment 3 he claims the trial court should have told him of his right to appeal.

In support of petitioner's argument he cites *Puckett* v. *State of North Carolina*, 343 F. 2d 452 (C. C. A., 4th, 1965). There the indigent defendant told his counsel that he wanted to appeal his conviction and his attorney strongly advised against it because he did not think it would be successful. Nevertheless, upon Puckett's insistence, he noted an appeal. The appeal was not perfected because the transcript of the record was not made available to Puckett. The court held that the failure of counsel to advise Puckett that he was entitled to a free transcript of the record if he was an indigent was ineffective representation of counsel and a denial of Puckett's constitutional right. The court further said that the request for a transcript might well have suggested to the trial court the need to assign counsel, but it did not say there was a duty on the court to advise Puckett of his right to appeal in the absence of some indication by the defendant that he wished to do so.

The present case is readily distinguishable from *Puckett*. Here petitioner gave counsel "the impression that he was well pleased with the outcome [of his trial] at that time." Thus, there was no indication from the petitioner to his counsel or the court, by word or deed, that he desired to apply for an appeal. It is also apparent that both petitioner and counsel felt that he had received a fair trial. Now, thirteen years later, petitioner claims that he was afforded ineffective representation by counsel and denied due process of law because he was not advised by counsel or the court of his

right to appeal. He does not say that he would have appealed his case even if he had been advised that he had a right to appeal.

Petitioner has cited no case holding that there is a duty on counsel or the court to advise every defendant, after conviction in a criminal case, of his right to appeal in the absence of some indication that an appeal is desired. To require counsel and/or the court to advise every defendant of his right to appeal would invite and encourage all persons convicted of a crime to do so regardless of whether he has any meritorious ground for an appeal. Under the facts and circumstances here, we hold that there was no obligation on counsel or the trial court to advise petitioner that he had a right to apply for an appeal.

Petitioner says that a coerced confession was admitted as evidence in the trial of his case.

The evidence shows that petitioner was told by the attorney for the Commonwealth when he was taken into custody that he did not have to make any statement and that if he did it could and probably would be used against him. The attorney for the Commonwealth even "expressed surprise" when petitioner told him that he wanted to tell what had happened. Petitioner's voluntary confession was recorded on a wire tape, but it was not offered or admitted in evidence.

It is true that the sheriff of the county admitted he threatened to strike the petitioner because petitioner upset him when he said that the killing was in self-defense. But the threat came after petitioner's confession, and there was no indication from the evidence that it influenced him in making the confession.

Since the record shows that the alleged coerced confession was neither offered nor admitted in evidence, there is no merit to petitioner's contention.

For the reasons stated, the judgment complained of is reversed and the petition dismissed.

*Reversed and final judgment.*