Luther **CALLAHAN**, Petitioner,

v.

**COMMONWEALTH OF VIRGINIA**, C. C. Peyton, Superintendent of the Virginia State Penitentiary, Respondent.

Civ. A. No. 66-C-35-L.

United States District Court
W. D. Virginia,
Lynchburg Division.

Jan. 11, 1967.

No appearance for petitioner.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes to the court upon a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, by Luther Callahan, a state prisoner, and it is filed *in forma pauperis*.

The petitioner is presently detained in the state penitentiary and is serving the remainder of a sentence of seven years for housebreaking and larceny imposed on him on April 11, 1945. It is this conviction plus two other convictions, for (1) grand larceny and (2) housebreaking and larceny, which he attacks here with the allegation that he was not afforded effective assistance of counsel at the April 11, 1945 trial on the three charges. It is well settled that the right of the accused to have effective assistance of counsel is guaranteed by the Sixth Amendment which is made applicable to the states through the Fourteenth Amendment to the United States Constitution. Hawk v. Olson, 326 U.S. 271, 274, 66 S.Ct. 116, 90 L.Ed. 61 (1945); Whitley v. Cunningham, 205 Va.

251, 135 S.E.2d 823 (1964). He contends that if he was denied effective assistance of counsel on the charge for which he is now serving time, then he was also denied this right on the other two charges (on which he was convicted but has not yet served the sentence) because they were all tried on the same day and petitioner was represented by the same lawyer on all three.

There are contained in the present record before this court two orders of the Circuit Court of Campbell County dealing with "indictment No. 3." It was on this indictment that the petitioner entered a plea of guilty for which he was sentenced to seven years. He is serving part of this term now. The two orders are dated March 27, 1945 and April 11, 1945. There are no orders in the record dealing with indictments number 4 and number 5. However, even though these orders are not part of the record, we are willing to assume that the other two indictments were handled just as the above-mentioned "indictment No. 3." The assumption we are willing to make in order to give the petitioner the most liberal treatment possible and in order to give him the prompt answer on this petition to which he is entitled. To proceed otherwise would delay this proceeding while the orders on indictments number 4 and number 5, of the above-mentioned three, are obtained from the state court. Once obtained, these orders would, at best, from the petitioner's point of view, show just what he alleges now, namely that they were treated just as "indictment No. 3" was treated.

■ Having studied the record, it appears that petitioner did not appeal from his state trial in 1945, therefore, an appeal of the verdict is no longer available to him. He has, however, exhausted his only other available state remedy, namely, state habeas corpus. On October 12, 1966 the Virginia Supreme Court of Appeals refused to grant a writ of error to the judgment rendered by the Circuit Court of Campbell County on the 9th day of December, 1965, which judgment was rendered pursuant to the plenary habeas

corpus hearing held in that court on July 28, 1965. Petitioner has thus exhausted his available state remedies as required by 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The case is therefore properly before this court.

■ We are of the opinion that the record in this case is very complete, with the above-mentioned exception, and that it serves as a sufficient basis on which to render a decision. Therefore, no plenary hearing in this court will be required.

We find the petitioner's claim of ineffective representation surrounded by the following facts. On March 12, 1945, the grand jury of Campbell County returned three indictments against the petitioner for (1) housebreaking and larceny, (2) grand larceny and (3) housebreaking and larceny. Two other felony indictments having previously been returned against the petitioner, and at that point untried, there were a total of five indictments pending against him. At the time that the first mentioned group of three indictments were returned, the petitioner was a fugitive, having escaped from the Lynchburg jail where he was confined awaiting trial in the Circuit Court of Campbell County on the two last mentioned felony indictments.

He was apprehended later by the State of New York, extradited by New York and returned to the State of Virginia. The certified court record shows that on March 27, 1945, in the Circuit Court of Campbell County the petitioner came with the commonwealth's attorney upon an "indictment No. 3" for housebreaking and larceny and the petitioner having no counsel of his own choosing, the court appointed R. I. Overbey to defend him in the case. The order shows further that petitioner "being arraigned, pleaded guilty as charged in the indictment." Then with the consent of all parties, the case was set for trial on the 11th day of April, 1945, and the petitioner was remanded to jail.

The next order was fifteen (15) days later on April 11, 1945. The Circuit

Court of Campbell County noted that the accused came with his attorney and the attorney for the Commonwealth. The said accused petitioner

being arraigned, pleaded guilty as charged in the indictment; whereupon, the Judge of this Court heard the evidence and argument of counsel, and upon the said plea of guilty it is ordered

that the said defendant be sentenced to confinement in the state penitentiary for a term of seven years. The record shows that petitioner was sentenced also to seven years on indictment number 4 and ten years on indictment number 5.

In this case we are entirely dependent upon the court orders and the testimony of the petitioner to discover just what the court-appointed attorney did, in fact, do and to discover just how he conducted the petitioner's defense because Mr. Overbey, the court-appointed attorney, did, before any record stage of this proceeding, depart this life.

Within his general allegation of ineffective representation of counsel, petitioner alleges specifically as follows: (1) that he was brought into the courtroom on March 27, 1945, where he learned for the first time of indictments number 3, 4 and 5; that counsel was appointed for him on this day and not more than fifteen to thirty minutes later he entered pleas of guilty to indictments number 3, 4 and 5, said fifteen to thirty minutes not being a sufficient period of time in which to make a proper investigation into the facts of the case; that his attorney spoke only to him and to the commonwealth's attorney; that once the pleas of guilty were entered, although the trial was set for a later day, the petitioner's fate had been determined on these indictments; that he was persuaded by his attorney to plead guilty to these three indictments when petitioner was led by his attorney to believe that the court would give him the same eight-month sentence that his co-defendants on indictment number 1 had gotten and that the proceedings on April 11, 1945 were a mere formality, the question of guilt having been determined

with his plea of guilty on March 27, 1945.

The crux of petitioner's argument seems to be that he was arraigned, tried and convicted all on March 29, 1945; and all within thirty minutes of the appointment of his lawyer and of his first knowledge of indictments number 3, 4 and 5. This short time was not sufficient for the attorney, he says, to prepare any type of defense.

We can find no support for this argument in the record. As noted above, the court order of March 27, 1945, shows that on this day, after an attorney was appointed for the petitioner, he was arraigned, he pleaded guilty as charged and "with the consent of all parties, *this case was set for trial on the 11th day of April,* 1945, * * *." (emphasis added) The italicized wording of the order could hardly be more exact. The message is that the plea had been that day entered, but the *trial* of the question of guilt would be had at a later date. This conclusion is supported by the order of April 11, 1945. It says that the petitioner "being arraigned, pleaded guilty as charged in the indictment; *whereupon the Judge of the Court heard the evidence and argument of counsel,* and upon the said plea of guilty, it is ordered * * *" that the petitioner is sentenced to be confined in the state penitentiary. The order can only be read to mean that the petitioner again entered a plea of guilty on April 11, 1945, after which the evidence was heard on which the court made its determination. The Circuit Court clearly did not find the petitioner guilty on the 27th of March. The mere fact that petitioner entered a plea of guilty on that day would by no means preclude him from changing the plea on the trial day fifteen days later. All of the cases cited in the petition on the appointment of lawyers the same day that a case is tried and disposed of are thus not pertinent in light of this District Court's finding as to the interpretation of the court orders of March 27 and April 11, 1945.

On the question of when the plea of guilty was entered by petitioner, we note

also the following. Petitioner alleges in his habeas corpus petition to this court that he pleaded guilty to the three indictments on the advice from his attorney that "it would be best for him to also plead guilty to these three charges and accept the same terms as his co-defendants inasmuch as the petitioner had no defense to present." But the petitioner testified at the state plenary hearing in response to questions as follows:

Q. When was it that Mr. Overbey made his statement about getting the same as the others?

A. This was on the date of April 11th the morning, I was brought down here for trial.

Q. Was it before or after your trial on April 11th?

A. It was after the trial of No. Two when they nolle prossed the sentence.

Q. Was it before or after the trial of No. One?

A. It was after.

The clear import of this testimony is that on April 11, 1945, fifteen days after his plea on March 27, the petitioner still had the choice of pleading guilty or "not guilty" and he knew it. He exercised his option and pleaded guilty to indictments 3, 4 and 5 after his first two indictments had been disposed of. This testimony supports the conclusion reached above, namely the attorney was appointed on March 27 but the trial, with the determination of guilt, was held on April 11, 1945.

■■ Petitioner alleges further that although the record shows that evidence was heard on indictments number 3, 4 and 5 on April 11, 1945, that actually no evidence was heard from either side. He says that the court merely withheld imposition of sentence on indictments number 3, 4 and 5 until immediately after indictments No. 1 and 2 were disposed of on April 11, 1945. We have already determined that petitioner alleges incorrect facts when he says that the guilt had already been determined and the court merely withheld imposition of sentence until after indictments number 1 and 2

were handled. But the question of the evidence presented leads us into the question of the attorney's actual preparation for trial and the conduct of the defense on indictments number 3, 4 and 5. Here we find no evidence other than petitioner's allegation that there was no preparation and no defense on these three indictments. The death of Mr. Overbey has deprived the court of the primary source of such information and there are no available notes or files made by him with reference to this case. Of his activity on April 11, 1945 we know only that on that day Mr. Overbey did conduct the petitioner's defense on the "not guilty" plea on indictment No. 1 which was tried before a jury. We know that on indictment No. 2 there was entered a *nolle prosequi*. We know that the court order shows that on indictment number 3 "the Judge of this Court heard the evidence and argument of counsel." We know from the testimony of the state habeas corpus hearing that Mr. R. I. Overbey had a reputation as a capable criminal lawyer. Lastly, we know that Mr. Overbey had fifteen days from March 27 to April 11, 1945, in which to investigate the indictments number 3, 4 and 5 and to make the necessary preparation. We are not willing to find that the record states incorrect facts when it says that the "Judge of this Court heard the evidence and argument of counsel" when all that there is to refute the court order is the unsupported allegation of the petitioner. This is in accord with Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) which says that when the judgment of a court is being collaterally attacked, it carries the presumption of regularity.

Now, therefore, in light of this finding of fact and in light of the knowledge which the court has, as pointed out in the above paragraph, we find that the petitioner has failed to carry the burden of proof on this question of attorney preparation and on the question of evidence presented at the April 11, 1945 trial.

This court makes these additional observations. The petitioner pleaded "not

guilty" to indictment number 1 and had a jury trial thereon. Thus he should certainly have known of his right to do the same on indictments number 3, 4 and 5 if he desired to do so. Also, the petitioner is not illiterate as the record shows. He was not well educated but he had passed the Army qualifying intelligence tests. The petitioner did not request his attorney to appeal and, did not, for that matter raise any complaints about this 1945 trial until over twenty years later, this complaint coming after his second return to prison following his second violation of parole. Compare this with the situation in Miller v. Warden, 338 F.2d 201, at 204 (1964, Fourth Circuit) where the court cited four complaints which the petitioner there had made prior to his trial as support for the consistency that the petitioner maintained in registering his grievances. Judge Bell said:

> [t]his is not evidence adduced for the first time after a habeas petition; these statements were made prior to his trial and consistently reported by the witnesses.

 The defense attorney was not required to advise the petitioner of his right to appeal if after the trial the petitioner seemed satisfied with the outcome. Peyton v. Webb, 207 Va. 417, 149 S.E.2d 889 (Sept. 9, 1966). To require such advice, the Supreme Court of Appeals of Virginia said, would be inviting groundless appeals.

Finally, the petitioner testified at the state habeas hearing that he did not know of any witness that could have been called for him by his lawyer. He testified on cross examination that he did not think a continuance would have done any good. His major complaint was that he got too much time and yet he testified that he saw his lawyer go and talk to the commonwealth's attorney in an effort to get him to recommend a short sentence. All of this testimony supports the conclusion of this court that the petitioner did, in fact, receive effective assistance of counsel.

The petitioner thus having failed to carry the burden of proof in his allegations of ineffective representation, it is adjudged and ordered that the petition be dismissed and the writ denied.