435 P.2d 249

Leonard Dean GARDNER and Wayne Carter Peterson, Plaintiffs-Appellants,

v.

The STATE of Idaho, Defendant-Respondent.

No. 9842.

Supreme Court of Idaho.

Dec. 19, 1967.

---

Jesse R. Walters, Jr., Boise, for appellants.

Allan G. Shepard, Atty. Gen., and David A. Frazier, Asst. Atty. Gen., Boise, for appellee.

McFADDEN, Justice.

In August, 1964, appellants, who are half-brothers, were convicted of robbery in the Bonneville County District Court and sentenced to a term of fifteen years in the state . penitentiary. In · December 1965, while inmates of the prison, they filed a petition for habeas corpus in the Ada County District Court, following which the writ issued. A stipulation was executed by their counsel and the attorney general, representing the warden of the penitentiary which set forth agreed facts which were to be considered as a return to the writ. Pursuant to the stipulation the cause was transferred to the Bonneville County District Court for hearing.

Hearing was had on the issues presented by the return to the writ, and the appellant's petition for writ, considered as the answer to the return. Following the hearing the court entered its order quashing the writ and remanded the appellants to the custody of the warden. In their appeal

from this order, appellants contend that they were denied their right to appeal from the judgment of conviction.

The trial court in its memorandum opinion stated:

" * * * inquiry into the matter reveals that each of the petitioners was very adequately represented at the trial by court appointed and paid counsel, who did an excellent job of defending in this case. They consulted with their counsel about an appeal and were advised that counsel were at a loss to find grounds for appeal. They did not ask for a new trial, nor did they file an appeal. They obviously wanted relief from the 15 year sentence without a new trial or appeal, and are still trying to attain that end.

"The evidence reveals that counsel adequately consulted with the petitioners. Judge Thomas did nothing to mislead the petitioners about their appeal.

" * * * .

"Petitioners' allegations and proof are without merit sufficient to grant the writ of habeas courpus. [sic]."

Appellant's assignments of error are directed to facts, the law, and the ruling of the trial court quashing the writ.

As concerns the facts developed on the habeas corpus hearing, it was stipulated that the warden held the appellants pursuant to the judgments and commitments entered by the trial court following their jury trial on the robbery charge. At the trial, each of the appellants was represented by individual counsel appointed by the court. As a part of the record on this appeal, there appears not only a transcript of the proceedings at the habeas corpus hearing, but also a transcript of the proceedings had at the time appellants were sentenced on the felony charge.

At the time of sentence on August 21, 1964, both appellants with their respective counsel were before the trial court. Appellant Gardner, through his court-appointed attorney, asked that he be declared a pauper and that an attorney be appointed for his appeal. Immediately thereafter, the trial court specifically inquired of Gardner if he desired to appeal his conviction, and Gardner advised that he did not desire to appeal but rather that he wished to get a copy of the transcript of the trial, which could save him time if he determined whether he "wanted to continue this case or not." The trial court, in the presence of both appellants and their attorneys, advised Gardner to confer with his attorney so that an appropriate motion could be presented to the court. After sentencing, both appellants consulted with their counsel and discussed the possibilities of appeal, and they were advised that in the opinion of their respective counsel no grounds for appeal existed. No other request was made for appointment of counsel for appeal. On September 21, 1964, appellants by a joint letter addressed to the district judge who presided at their trial, moved for a modification of their respective fifteen-year sentences. The district judge replied, advising them that there was no way he could modify their sentences. On October 21, 1964, by another joint letter, appellants presented to the district judge their motion to be declared paupers so that they could have a transcript of their trial. Again the judge replied, advising them that their appeal time had expired, but that he would consider the motion contained in their letter of September 21, 1964, as a motion for new trial. On November 11, appellants again wrote the judge and after stating they were not aware of the limited time to appeal, advised him that they did not wish to proceed wtih any motion for new trial.

At the habeas corpus hearing, both attorneys who had been appointed to represent appellants at the trial testified. Appellant Peterson's counsel testified as to discussing the matter of appeal with Peterson, not only immediately following the sentencing, but also later, while Peterson was confined in the county jail; he testi-

fied to having received a letter from Peterson written from the penitentiary · after the time ·for appeal had lapsed. Appellant Gardner's counsel testified, that ·he talked to Gardner immediately following the sentencing, as well as immediately following return of the verdict. He stated that he advised Gardner as to the possibilities of a longer sentence inherent in the event of successful appeal and new trial; that he didn't hear from Gardner after that, although Gardner apparently wrote him, but the letter was never received.

It is our conclusion that the facts fully sustain the trial court's evaluation of them as set forth in his memorandum opinion.

 In considering the law applicable to this situation certain principles must be kept in mind. No one has a constitutional right to an appeal (McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894)), but once an appellate procedure is provided by a state, such procedure must meet the constitutional requirements of due process and equal protection. Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951). A state must furnish a transcript at no cost to an indigent defendent on appeal; Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); and also provide him with assistance of counsel on appeal (Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)), which assistance must be that of an advocate, and not simply as an amicus curiae. Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The determination of whether an appeal should be taken or not *rests solely with the accused* and is not to be decided by his attorney, Wainwright v. Simpson, 360 F.2d 307 (5th Cir.1966); Fredericks v. Reincke, 152 Conn. 501, 208 A.2d 756 ·(1965) or directed by the trial judge. United States ex rel. Mitchell v. Follette, 358 F.2d 922 (2d Cir.1966); Puckett v. State of North Carolina, 343 F.2d 452 (4th Cir.1965); Pate v. Holman, 341 F.2d 764 modified 343 F.2d 546 (5th Cir.

1965); Boykin v. Huff, 73· App.D.C. 378, 121 F.2d 865 ·(1941). ·

 .The decision in this case as to whether an appeal was to be taken was that of the appellants. They received the advice of their court-appointed counsel, both following the return of the verdict and following the sentence imposed by the trial court. Appellant Gardner advised the court that he did not wish to appeal and both appellants advised the court they did not wish to have their motion considered as a motion for new trial. Appellants, however, argue that it was the duty of the sentencing court to advise them ·fully as to their right to appeal and the statutory procedures therefor, or in the alternative, that it was their counsel's duty so to advise them. We cannot agree with this contention. In the first place there is no contention that the trial counsel failed to represent them, fully during the course of the trial. Nor does the record show that either appellants or their trial counsel terminated the attorney-client relationship during that period of time between pronouncement of sentence and the time of filing a motion for new trial or taking an appeal, nor did appellants ask their counsel to perfect an appeal. See the following cases which hold that counsel has no duty to prosecute an ·appeal in the absence of an affirmative request therefor: Viscuso v. Hunter, 174 F.2d 654, (10th Cir.1949); Clark v. Warden Maryland Penitentiary, 199 F.Supp. 29 (D.C.Md.1961), cert. denied, Clark v. Pepersack, 371 U.S. 848, 83 S.Ct. 87, 9 L.Ed.2d 85 (1962); Benoit v. Commonwealth, 402 S.W.2d 706 (Ky.Ct.App. 1966); Peyton v. Webb, 207 Va. 417, 149 S.E.2d 889 (1966). See, however, Pate v. Holman, supra, (which discusses the problem presented by failure to have effective representation by counsel of a convicted person during the period following conviction up to time an appeal must be perfected, or time motion for new trial submitted); Baskey, The Right to Counsel in Appellate Proceedings, 45 Minn.L.Rev. 783, 789 (1967); The Problem of Adequate

Representation of Indigent and Other De-fendants in Criminal Cases, 36 F.R.D. 129, at 152 (1964); Adequate Appellate Review for Indigents: a Judicial Blend of Adequate Transcript and Effective Counsel, 52 Iowa L.Rev. 902 (1967). Appellants knew they had a right to appeal; that a transcript of the proceedings would be made available if an appeal were taken; also, they were familiar with the procedures for securing appointment of counsel, having had counsel appointed to represent them at trial. Further, they declined the trial judge's offer to consider their motion as a motion for new trial.

■ As concerns the obligation of the trial court to advise them as to their right to appeal, appellants have cited People v. Diehl, 62 Cal.2d 114, 41 Cal.Rptr. 281, 396 P.2d 697 (1964), in support of their contention that both the trial court and appellants' attorneys have the duty to inform the appellants of their appeal rights and procedure to institute an appeal, once the appellants have indicated a desire to appeal. In that case, however, the principal issue involved the obligation to afford representation to a person convicted of a crime during the interim period between time of the entry of judgment of conviction and deadline for taking of an appeal. Under the facts in that case, the California court held that good cause was shown under the court rule which, upon application allows relief for a notice of appeal filed after the statutory time. This state has no such rule, but has repeatedly held that provisions of I.C. § 19–2805, requiring an appeal be filed within thirty days after rendition of a judgment or entry of an order, are mandatory. State v. Mayer, 81 Idaho 111, 338 P.2d 270 (1959); State v. Golden, 67 Idaho 497, 186 P.2d 485 (1947).

It is true that I.C. § 19–853 provides for representation by an attorney during criminal proceedings, including an appeal, and imposes the duty upon a trial court to "clearly inform him [the defendant] of his right to counsel and of the right of a needy person to be represented by an attorney at public expense;" and further, provides such information must be made a matter of record by written acknowledgement, or "otherwise recorded." The same section imposes the duty upon the attorney representing the accused to "represent the person." However, these sections were enacted subsequent to the proceedings involved herein. It is also recognized that the federal courts are required to advise every defendant of his right to appeal and to an appointed attorney (Federal Rules of Criminal Procedure 32 (a) (2)); but to date the states have not been placed under a constitutional obligation to so advise a defendant. United States ex rel. Bjornsen v. LaVallee, 364 F.2d 489 (2d Cir.1966); McIntosh v. Commonwealth, 368 S.W.2d 331 (Ky.Ct.App.1963); Rayne v. Warden, Maryland Penitentiary, 223 Md. 688, 165 A.2d 474 (1960); Dorris v. Warden of the Maryland Penitentiary, 222 Md. 586, 158 A.2d 105 (1960); Peyton v. Webb, supra.

Appellants were afforded full opportunity to develop the evidenitary matters at the hearing. While contentions have been made that their rights to perfect an appeal were not protected subsequent to their conviction, the trial court, by its order entered following an evidentiary hearing on the issues presented by the return and the petition, determined otherwise and the record supports the trial court.

Order affirmed.

TAYLOR, C. J., and SMITH, Mc-QUADE and SPEAR, JJ., concur.