James Russell DILLON, Petitioner,

v.

C. C. PEYTON, Superintendent Virginia State Penitentiary, Respondent.

Civ. A. No. 68–C–56–R.

United States District Court
W. D. Virginia,
Roanoke Division.

July 31, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes now to the court upon a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, by James Russell Dillon, a state prisoner, and it is filed *in forma pauperis*. The petition was filed in the United States District Court for the Eastern District of Virginia on June 5, 1968 and was ordered transferred to this court.

Petitioner is now serving a term of forty years in the Virginia State Penitentiary pursuant to a judgment of the Circuit Court of Franklin County on July 10, 1964, wherein petitioner was convicted of first degree murder.

The record shows that after the above mentioned conviction on July 10, 1964, petitioner did not appeal to the Supreme Court of Appeals of Virginia thus this avenue of relief is no longer available to him. However, petitioner did file a petition for a writ of habeas corpus in the Circuit Court of Franklin County on December 30, 1966. A plenary hearing on the petition was held on April 18, 1967, where the petitioner was represented by court appointed counsel. The Circuit Court denied the writ and dismissed the petition. On appeal to the Supreme Court of Appeals, the decision was affirmed and the writ of error de-

nied. We are therefore of the opinion that the petitioner has exhausted all of his available state remedies as required by 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). He is, as a result, properly before this court.

Petitioner presents two claims to this court for consideration, those being:

(1) That the state never made an investigation as to the mental competency of the petitioner at the time of the alleged offense, nor was any report concerning the same made to the court.

(2) That the petitioner was never advised by the court, or his employed counsel, that he had a right to appeal his conviction.

We will consider petitioner's first claim. The record shows that petitioner was arrested on March 4, 1964, pursuant to an arrest warrant charging him with murder. On the same day the petitioner appeared before the Circuit Court of Franklin County, and the court, upon a suggestion that inquiry be made concerning the mental condition of petitioner, ordered the petitioner committed to Southwestern State Hospital at Marion, Virginia. A letter dated May 13, 1964, signed by the officials of said hospital stated that in their opinion the petitioner was mentally competent and able to return to court and testify in his own behalf. After indictment by the grand jury, the petitioner on June 17, 1964, after consultation with privately employed counsel, entered a plea of not guilty and waived trial by jury. After hearing the evidence and arguments of counsel the court found the petitioner guilty of murder in the first degree. Sentencing was postponed to allow the filing of a pre-sentence report. This report was completed on July 7, 1964, and on July 10, 1964, the petitioner, represented by counsel, and after having an opportunity to cross examine the probation officer as to the pre-sentence report, was sentenced to forty years confinement in the state penitentiary.

Under Virginia law insanity is a defense to a criminal prosecution and the burden of proof rests upon the defendant who pleads insanity. The Virginia rule was first laid down in *Boswell's* case. Boswell v. Commonwealth, 61 Va. (20 Grat.) 860, 874–876 (1871) and has been followed since in Christian v. Commonwealth, 202 Va. 311, 117 S.E. 2d 72 (1960), and Jones v. Commonwealth, 202 Va. 236, 117 S.E.2d 67 (1960). Such a rule has been upheld by the United States Supreme Court in Leland v. State of Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) where a state statute in Oregon placed the burden of proving insanity beyond a reasonable doubt upon the defendant in a criminal prosecution. The burden in Virginia is lighter, requiring the defendant to prove to the satisfaction of the jury that he was insane at the time of the commission of the criminal act. Wessells v. Commonwealth, 154 Va. 664, 673, 180 S. E. 419 (1935). Insanity is an affirmative defense that must be asserted by the defendant. There is no burden upon the state to prove sanity; the burden rests with the defendant. The state did require, in the present case, that petitioner's mental competence be determined to see if he was mentally capable of standing trial. Once this has been answered in the affirmative the state's duty is ended in respect to petitioner's mental competence. The high court in Virginia has expressly stated that the rule requiring the defendant to prove insanity is firmly established, having stood the test of time and that the court adheres to it. Christian v. Commonwealth, supra. Thus where the state has rightfully not accepted a burden that properly rested with the petitioner, there is no denial of due process. Absent any extraordinary circumstances, which petitioner does not set forth, we find no merit in petitioner's first claim.

Petitioner's second claim is that he was not advised of his right to appeal his conviction. Testimony given at the state habeas corpus hearing revealed that petitioner's attorney, whom he had

 

employed, could not remember if he had told the petitioner of his right to appeal. However, the petitioner clearly testified that he did not request an appeal at the time of the trial or any time thereafter through any communication with his counsel or the court. The petitioner testified as follows:

Q. I believe that you testified that you did not ask that your counsel appeal the case, is that right?

A. Yes, sir. I didn't know I could.

Q. I didn't ask you that. I said you did not ask him, did you?

A. No, sir.

Q. And you didn't write to him?

A. No, sir.

Q. Did you write to the court requesting an appeal?

A. No, sir.

Q. So you didn't write to anyone and you didn't ask counsel to appeal your case?

A. No, sir.

We believe that petitioner's claim is governed by the principle set forth in Peyton v. Webb, 207 Va. 417, 149 S.E.2d 889 (1966). That case held that where a state prisoner seeking habeas corpus had given the impression that he was well pleased with the trial at the time of his conviction, neither the court or the counsel had a duty to advise the defendant of his right to appeal. That court said that to do so would invite groundless appeals. This court has followed this holding on several occasions. Elam v. Peyton, 265 F.Supp. 231 (W.D.Va. 1967); Callahan v. Commonwealth, 262 F.Supp. 31 (W.D.Va.1967); Gibson v. Peyton, 262 F.Supp. 574 (W.D.Va.1966). The petitioner, in response to questioning by the court at the state habeas corpus hearing testified:

Court: Mr. Dillon, as I understand it, you were satisfied with Mr. Hutcherson's services except for the fact that you claim that he should have told you that you could appeal, is that right.

Answer: Yes, to my knowledge, I guess he could have.

Court: That's your only complaint. Is that right?

Answer: Yes, sir.

■ The record in the instant case shows no other dissatisfaction concerning the right to appeal as indicated in the above testimony. The foregoing is buttressed by the testimony of petitioner's counsel who testified that no request was ever made for an appeal and that the trial "had come out so well, that I thought it would be inadvisable to appeal". Thus we hold that counsel was under no duty to advise petitioner of his right to appeal.

For the reasons stated above, the petitioner has failed to convince this court that he is entitled to any relief because of his various allegations. It is therefore adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.