John Henry LOVE, Petitioner,

v.

COMMONWEALTH OF VIRGINIA, Respondent.

Civ. A. No. 68–C–110–R.

United States District Court
W. D. Virginia,
Roanoke Division.

March 12, 1969.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before this court on a petition for a writ of habeas corpus filed, in forma pauperis, by John Henry Love, a state prisoner, pursuant to 28 U.S.C.A. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was ordered transferred to this court by order dated November 25, 1968.

Petitioner is currently serving a sentence of eighteen years in the Virginia prison system pursuant to a judgment of the Circuit Court of Franklin County on June 15, 1965, wherein the petitioner was convicted for the crime of second degree murder. The conviction resulted after a trial by jury, in which the petitioner was represented by court appointed counsel and in which a plea of not guilty was entered. No appeal was taken from this conviction.

A plenary hearing was conducted in the Circuit Court of Franklin County on February 23, 1967 as a result of a petition for a writ of habeas corpus filed in the state courts by the petitioner. After hearing the evidence the Circuit Court denied the writ and dismissed the petition by an order dated March 20, 1967. An appeal to the Virginia Supreme Court of Appeals resulted in the writ of error being denied and the petition rejected. Thus, having exhausted his state remedies, the petition is properly before this court in compliance with 28 U.S.C.A. § 2254, as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963).

Petitioner claims that he was denied the right to the effective assistance of counsel, and that as a result of this denial he was not allowed to appeal his conviction.

The pertinent facts are these. On March 28, 1965, the petitioner was taken into custody by police authorities and charged with murder. The petitioner was indicted by the grand jury during the June term, 1965. On June 15, 1965, the petitioner, represented by court-appointed counsel, entered a plea of not guilty, was tried by a jury, found guilty of murder and sentenced to serve a term of eighteen years in the Virginia State Penitentiary. At the state habeas corpus hearing the petitioner testified concerning his court-appointed trial counsel and his claim that he was denied his right of appeal:

Q. Now at the conclusion of the trial, were you satisfied with Mr. Hopkins' [court-appointed counsel] representation?

A. As best I can remember, I was.

Q. Did you ever tell him that you were not satisfied?

A. No, sir. Not that I know of.

Q. Did not in fact the Judge ask you if you were satisfied? Do you remember the Judge asking you about that?

A. He asked me some questions. I don't know exactly what it was—

Q. Well, following the trial, did you have any desire to appeal the case?

A. Yes, sir. I wanted to appeal it after I got to the building.

Q. When? After you got to the building? What do you mean then? What building?

A. I left here. I didn't know I could appeal it. Everyone in jail said you had to have so much money before you could appeal it.

Q. Everyone in jail, but did you ever ask Mr. Hopkins [court-appoint-

ed counsel] or did you ever ask the Judge about that?

A. No, sir.

Q. Don't you feel that they would have known more about this than people in jail?

A. They probably would have.

Q. When did you—did you ever write Mr. Hopkins [court-appointed counsel] and ask him to appeal or try to contact him?

A. No, sir.

Q. Did you ever try to contact the Judge or any other attorney?

A. No, sir.

Mr. Hopkins, the court-appointed trial counsel, testified at the state habeas corpus hearing that the petitioner never indicated a desire to appeal his case, but to the contrary thanked him and expressed satisfaction. The court-appointed counsel further testified that he summoned witnesses on petitioner's behalf; that he discussed the case with the Commonwealth's attorney prior to trial; that he interviewed witnesses; and that he discussed the case several times with the petitioner inquiring as to his education, mental condition and to circumstances surrounding the commission of the crime. Concerning petitioner's right to appeal the court-appointed counsel testified on cross-examination:

Q. Did you advise him to the best of your knowledge of his rights as an indigent to an appeal?

A. I don't recall the details exactly what conversation I had with him except, I feel certain that I did explain to him that I didn't think he had any chance for an appeal. But, I didn't go into it further than that since I felt that the court had made no error. As to what conversation I had with him, I don't know exactly. He indicated to me that he was well satisfied with the verdict, he made no indication that he wanted to appeal or was dissatisfied with any portion of it.

In Peyton v. Webb, 207 Va. 417, 149 S.E.2d 889 (1966), the Virginia Supreme Court of Appeals held that where a state prisoner seeking habeas corpus relief had given the impression that he was well pleased with the trial at the time of his conviction, neither the court nor the counsel had a duty to advise the defendant of his right to appeal. That court said that to do so would invite groundless appeals. This court has followed this holding on several occasions. Elam v. Peyton, 265 F.Supp. 231 (W.D.Va.1967); Callahan v. Commonwealth, 262 F.Supp. 31 (W.D.Va.1967); Gibson v. Peyton, 262 F.Supp. 574 (W.D.Va.1966). The record in the instant case reveals that the petitioner never indicated to his counsel, the court, or any state official that he desired an appeal. By petitioner's own testimony it was only after he arrived at the penitentiary that he decided to appeal, but that he never made this desire known to his counsel or to the court. This, in addition to the testimony of the court appointed counsel to the effect that the petitioner was satisfied with the verdict, and showed no indication that he wanted to appeal leads this court to the conclusion that there was no denial of any constitutional rights concerning an appeal. It is well settled that, in order to be granted relief upon a habeas corpus petition, the petitioner must prove by a preponderance of the evidence that he is entitled to such relief. This burden cannot be carried when the petitioner's allegations are contradicted by sound testimony to the contrary. Redd v. Peyton, 270 F.Supp. 757 (W.D.Va.1967). We think the petitioner has clearly failed to carry this burden and thus we can grant no relief based on this claim.

Petitioner's remaining claim is that he was denied the assistance of counsel as guaranteed by the Constitution. The allegation simply states that the court-appointed trial counsel "had been ineffective in handling the original trial." From a review of the state habeas corpus proceedings records, plus

the transcript of the original trial, we find no merit to this claim. As noted before, the court-appointed attorney summoned and interviewed witnesses, talked to the Commonwealth's attorney, discussed the case with petitioner and in general made an over-all investigation of the case. By petitioner's own testimony at the state habeas corpus hearing he indicated that he was satisfied with the court-appointed counsel's representation and that he never told the court-appointed attorney that he was not satisfied. The court-appointed attorney had summoned all the witnesses that petitioner requested, and with the exception of two who did not appear because they were not served notice, all appeared. The petitioner's attorney at the state habeas corpus hearing indicated that the testimony of the missing witnesses would not have been material at the original trial, but merely used as rebuttal. No other evidence was introduced that indicates any improper representation by the court-appointed counsel. "Ordinarily, one is deprived of effective assistance of counsel only in those extreme instances where the representation is so transparently inadequate as to make farce of the trial." Root v. Cunningham, 344 F.2d 1, 3 (4th Cir.1965) cert. denied 382 U.S. 866, 86 S.Ct. 135, 15 L.Ed.2d 104 (1965). It is also established that before petitioner may obtain habeas corpus relief· he must prove by a preponderance of the evidence that the representation was so transparently inadequate as to make a farce of the trial. Redd v. Peyton, 270 F.Supp. 757 (W.D.Va.1967). After a careful review of the record before this court we find no basis on which to grant relief upon this claim.

For the reasons stated above, the petitioner has failed to convince this court that he is entitled to any relief based on his claims. It is therefore adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.