**William E. HALL, Petitioner,**

**v.**

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68-C-64-D.**

United States District Court
W. D. Virginia,
Danville Division.

April 21, 1969.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This proceeding comes before the court on a petition for habeas corpus filed *in forma pauperis* by William E. Hall, a prisoner of the State of Virginia, pursuant to the provisions of 28 U.S.C. A. § 2241.

Petitioner is presently serving a sentence for seven years in the Virginia State Penitentiary pursuant to his conviction on January 21, 1967, in the Circuit Court of Henry County, Virginia for statutory burglary. Petitioner did not appeal from the conviction, but subsequently sought a writ of habeas corpus in the State Court on the same grounds that are presently alleged before this court. After a full plenary hearing the Henry County Circuit Court denied the writ, and on appeal that decision was affirmed by the Virginia Supreme Court of Appeals. Thus petitioner has exhausted his state remedies in compliance with the provisions of 28 U.S.C.A. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner alleges that his constitutional rights were violated in at least five instances at the burglary trial in the Henry County Circuit Court as follows:

1. Petitioner was illegally interrogated and evidence thus obtained was used to convict him.
2. Petitioner was convicted on insufficient and illegally obtained evidence.
3. Petitioner was subject to illegal procedure by the trial court.
4. Petitioner was denied his right to appeal.
5. Petitioner was denied effective representation of counsel.

Petitioner in his first allegation says he was illegally interrogated and evidence obtained through this interrogation was used to convict him. Petitioner further alleges that counsel was not present at the interrogation when damaging evidence was obtained. However, petitioner was offered no evidence showing lengthy, abusive or prejudicial interrogation. Petitioner also failed to show that evidence, if any, resulting from the alleged interrogation was introduced or used by the commonwealth in obtaining his conviction in the trial court. Therefore, petitioner's first allegation is without merit.

Petitioner's second allegation is also without foundation in fact. Upon a close review of the transcript of record, this court finds sufficient evidence was present to warrant a conviction. The petitioner was found guilty upon circumstantial evidence corroborated by several witnesses. The point raised by petitioner alleging an illegal search of the car, which had petitioner's license plates affixed, is unsound since petitioner himself gave Deputy Sheriff Hill permission to search the car.

Petitioner bases his third allegation of illegal procedure in the trial on

the fact that James Sowers, a co-defendant, was allowed to testify against petitioner. The fact that a co-defendant is allowed to testify does not constitute error. In fact, co-defendants have and exercise this right in many cases. Petitioner further claims that the trial court admitted evidence of witness, Joan Adams (meaning Adam's Sunoco Station). Upon a careful examination of the transcript, this court does not find such a testimony in the record, but even so, it would not be improper procedure. For the foregoing reasons this court finds no substance in the third allegation.

 Petitioner's fourth allegation is that he was denied his right to appeal in that the trial court did not inform him of this right; further, that he made known to his attorney, his desire to appeal but his attorney indicated he did not know how to appeal. In order to claim denial of appeal petitioner must show evidence that he in fact wanted to appeal and that he made this fact known. A large part of the transcript of record from the Henry County Circuit Court habeas corpus proceeding is devoted to the question of whether a desire to appeal was indicated. From the evidence presented, this court feels that petitioner did not inform the court or his counsel, Mr. Randolph, of his desire to appeal. In fact, the petitioner indicated to Mr. Randolph that he was pleased with the outcome of the trial. Further, when Mr. Randolph said, "Well, that's fine because I don't know how to appeal anyhow." he was replying to the petitioner's statement, "There will be no appeal." Mr. Randolph pointed out that he would have sought an appeal if the petitioner had requested him to do so. Where a prisoner, seeking habeas corpus had given counsel the impression that he was pleased with the outcome of his trial and had given no indication to counsel or court of a desire to apply for appeal, there was no denial of due process or equal protection of the law. Peyton v. Webb, 207 Va. 417, 149 S.E.2d 889 (1966).

██ The fifth and final allegation arising out of the petition is one of ineffective representation of counsel. The court sees no merit in this allegation. The petitioner on previous occasions employed Honorable C. J. Randolph to represent him and knew of his professional ability and skill. In this particular instance, since the petitioner was personally unable to compensate counsel, the court appointed Mr. Randolph, a capable attorney of the Henry County Bar. It is to be noted that Mr. Randolph visited the petitioner on several occasions and spent many hours preparing for trial. Also, the petitioner had no complaints before or during or soon after the trial concerning his counsel. The record does not show ineffective assistance of counsel. Hoffler v. Peyton, 207 Va. 302, 149 S.E.2d 893 (1966). Only when counsel's actions are such as to make a farce of the trial will the question of ineffective representation be effectively raised. Root v. Cunningham, 344 F.2d 1 (4 Cir. 1965).

For the reasons above stated and upon mature consideration of the facts relied upon by petitioner, the court finds that petitioner received a fair and impartial trial with due process in which none of his constitutional rights were denied him.

All necessary facts were sufficiently disclosed in petitioner's plenary hearing before the Henry County Circuit Court on March 18, 1968, for this court to rule in this case. Therefore, it is not necessary to hold a hearing for determination of any additional facts. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is, denied.

The clerk of this court is directed to send a certified copy of this opinion and judgment to the petitioner and to the respondent.