319 P.2d 475

David R. COBAS, Plaintiff-Appellant,

v.

L. E. CLAPP, Chairman of the Idaho State Board of Corrections, and Warden of the Idaho State Penitentiary, Defendant-Respondent.

No. 8533.

Supreme Court of Idaho.

Dec. 12, 1957.

Rehearing Denied Jan. 8, 1958.

Nash Barinaga, Boise, for appellant.

Graydon W. Smith, Atty. Gen., T. J. Jones, III, Edward Aschenbrener and Elbert Gass, Asst. Attys. Gen., for respondent.

KEETON, Chief Justice.

Appellant commenced this proceeding in the District Court of Ada County to secure his release from alleged unlawful confinement in the Idaho State Penitentiary. By order made, the Honorable Merlin S. Young, District Judge, ordered defendant L. E. Clapp, Warden of the Penitentiary to produce appellant at a time fixed "together with the time and cause of the detention".

The warden produced the body of appellant as directed and answered that he, as such warden, retained custody of appellant

by virtue of a judgment of conviction and order of commitment from the District Court of the Eleventh Judicial District of the State of Idaho for Twin Falls County. At a hearing on return, the warden produced the commitment together with a showing that appellant had been convicted of robbery and sentenced to the penitentiary for a term of not exceeding twenty years.

Testimony was submitted on behalf of appellant. The trial judge made findings of fact and conclusions of law adverse to appellant, quashed the writ of habeas corpus and remanded appellant to the custody of the warden. From the judgment quashing the writ and remanding appellant, he appealed.

Relative to the proceeding which caused appellant's imprisonment, the trial judge found that appellant voluntarily waived a preliminary hearing prior to being bound over to the district court for trial; that he voluntarily, competently and intelligently waived his right to counsel when brought before the district court for arraignment on January 16, 1956; that appellant competently, intelligently and understandingly entered a plea of guilty to the charge of robbery.

These findings are by appellant assigned as error.

Appellant further assigns as error the failure of the court to find the converse of the facts found; that counsel to represent petitioner in the habeas corpus proceeding should have been appointed by the court; also that the court erred in failing to receive in evidence the petition and affidavit in support thereof for the issuance of the writ of habeas corpus.

The facts may be briefly summarized as follows: On January 9, 1956, the Blue Top Bar in Twin Falls, Idaho, owned and operated by Charles Shorthouse was held up and robbed. The bartender, Arthur J. Egbert, was threatened and ordered by the robber to accompany him, which Egbert did. Petitioner was thereafter arrested on suspicion of robbery and kidnaping. After the arrest appellant voluntarily signed an order reading as follows:

"January 9, 1956, 2:10 p. m.

"I, David Ray Cobas, request that the $239.13 taken from my person by the Twin Falls Police officers January 9, 1956, be returned to the rightful owner, Chas. Shorthouse, owner of the Blue Top Bar, 701 2nd Ave. South, Twin Falls, Idaho.

"David Ray Cobas"

A criminal complaint was filed before J. P. Pumphrey, Justice of the Peace, charging appellant with robbery. When brought before said justice, after the filing of the complaint, appellant was informed of the charge against him and advised that he was entitled to the aid of counsel in every stage of the proceedings. The complaint was read to him and his rights made known and he then waived preliminary hearing and

424

was bound over to the district court for trial. The record shows that Sec. 19–801, I.C. providing for the procedure before a committing magistrate was in all things complied with.

Thereafter, petitioner in a voluntarily written statement dated January 10, 1956, among other statements, said that he knew he was entitled to the services of an attorney, that "I do not want an attorney." * * * "I am guilty of the offense for which I am held to answer, namely, robbery" and asked to be taken before the district court for arraignment. An information was filed charging appellant with robbery and he was arraigned before the Honorable Hugh A. Baker, district judge, on January 16, 1956. At the time of the arraignment the following conversation in the form of questions and answers occurred:

"The Court: * * * Do you have an attorney to appear for and represent you in this action?

"Defendant: No, sir.

"The Court: Have you made any effort to obtain an attorney?

"Defendant: No.

"The Court: Do you desire the aid of an attorney?

"Defendant: No.

"The Court: You are willing to proceed in this court without the advice of an attorney, are you?

"Defendant: Yes."

The information was read to appellant and he was furnished with a copy of the same. Appellant waived the statutory time for entry of plea and evidenced a desire to enter a plea at that time. Appellant then pleaded guilty.

On January 17th appellant again appeared before the district judge and was asked if he had any legal cause to show why judgment should not be pronounced against him, to which he replied that he had none. No sufficient cause being shown or appearing the trial judge pronounced judgment that appellant be confined in the penitentiary for a period of not exceeding twenty years.

■ When appellant was arraigned in the district court he stated specifically that he did not desire counsel, nor was there any showing made that he was unable to employ counsel, nor did he ask the court to appoint counsel for him. The rights afforded appellant under Sec. 19–1512, I.C. on arraignment were in all things complied with. The right to counsel having been properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

■ In the petition for writ of habeas corpus appellant asserts that various errors were committed in the proceedings taken against him, that his constitutional rights were violated and prays that such alleged errors, if any, be corrected in this proceeding.

Relative to the findings challenged, suffice to say that the findings made by the trial judge are supported by the evidence—in fact, there is no substantial conflict on any material issue. It sufficiently appears that appellant, subsequent to his arrest, was at no time coerced, threatened, or promised immunity or leniency by anyone. While held in the Twin Falls jail he was permitted to use the telephone and was advised that he could contact any person or attorney he might desire.

The entire proceeding discloses that appellant is a man of more than average intelligence and from the time of his arrest to the time of pronouncing sentence he knew and was fully informed of his rights.

■ We have examined the entire record and are unable to find any errors, either of commission or omission, in the proceedings had or taken against appellant, which resulted in his imprisonment, nor were any of his constitutional rights or laws enacted for his protection violated in any particular, nor did anything occur that would deprive the district judge of jurisdiction. Even if there were procedural errors, the same could not now be reviewed in a habeas corpus proceeding.

The general rule is habeas corpus cannot be resorted to or employed as an appellate remedy or for the purpose of reviewing or correcting errors in the trial, and is not available as a substitute for an appeal or other revisory remedy. In re Davis, 23 Idaho 473, 130 P. 786; Graham v. Squier, 9 Cir., 132 F.2d 681; Cash v. Huff, 4 Cir., 142 F.2d 60; Young v. Sanford, 5 Cir., 147 F.2d 1007; Application of Berry, 43 Cal.2d 838, 279 P.2d 18; Sec. 19–4215, I.C.; 39 C.J.S. Habeas Corpus § 15, p. 444.

■ There is no basis that would warrant the conclusion that appellant was not fully aware of the nature of the proceedings, and his waiver of his right to counsel before the committing magistrate and the district judge, and his plea of guilty, coupled with his request for immediate sentence, were made with an intelligent conception of the probable consequences of his act. The trial judge was not required to advise appellant what sentence could or would be pronounced if a conviction were had on a plea of guilty, or otherwise.

■ Appellant when before the committing magistrate stated he did not desire counsel to represent him. Had he desired counsel, under our statute and rules of procedure, the committing magistrate is not authorized or empowered to appoint counsel to represent him, State v. Calkins, 63 Idaho 314, 120 P.2d 253, but should have given him time, had appellant requested it, to send for counsel. Sec. 19–802, I.C. Nor can alleged errors or irregularities in the preliminary proceedings before the committing magistrate be raised for the first time on a habeas corpus proceeding in-

stituted to secure the prisoner's release from confinement in the penitentiary. Application of Berry, 43 Cal.2d 838, 279 P.2d 18. Any objections to the information because of failure to comply with rules governing a preliminary examination are waived unless raised on motion to quash or set aside the information before plea. State v. Clark, 4 Idaho 7, 35 P. 710; People v. Butler, 1 Idaho 231; Sec. 19-1602, I.C.; 42 C.J.S. Indictments and Informations § 301, p. 1330.

On arraignment in the district court appellant specifically stated that he did not desire the aid of counsel. Had he stated that he desired counsel to represent him and shown that he was unable to employ counsel then "the court must assign counsel to defend him." Sec. 19-1512, I.C.

It sufficiently appears that appellant's right to counsel to represent him was knowingly and intelligently waived and that the trial judge in the proceedings taken had jurisdiction to accept the plea and enter judgment.

■ Appellant asserts that counsel should have been appointed to represent him in the habeas corpus proceeding before the district court. A hearing on an application for a writ of habeas corpus is not a prosecution of an accused within the meaning of the constitutional provision giving the one charged with a crime the right to have counsel appointed to represent him.

There is no provision, constitutional or otherwise, that in a habeas corpus proceeding the trial court should appoint counsel to represent the petitioner. Loftis v. Amrine, 152 Kan. 464, 105 P.2d 890.

Appellant complains that the petition and affidavit made in support of the writ of habeas corpus were not received in evidence.

The petition was verified and the affidavit sworn to by appellant. He was present in court and was given an opportunity to testify.

■ Under the circumstances the petition and ex parte affidavit were not admissible, and the objection was properly sustained. Camp v. Camp, 213 Ga. 65, 97 S.E.2d 125, syl. 4.

A detailed examination of the record fails to disclose any error. The judgment appealed from is affirmed.

PORTER, TAYLOR, SMITH and McQUADE, JJ., concur.