471 P.2d 74

**Harvey PULVER, Plaintiff-Appellant,**
v.
**STATE of Idaho, Defendant-Respondent.**
**No. 10476.**

Supreme Court of Idaho.
June 2, 1970.
Rehearing Denied July 9, 1970.

688

William W. Becker, Pocatello, for appellant.

Robert M. Robson, Atty. Gen., and Martin R. Ward, Asst. Atty. Gen., Boise, for appellee.

DONALDSON, Justice.

Harvey Pulver (petitioner-appellant) pled guilty to the charge of Second Degree Murder on January 4, 1965, and received an indeterminate sentence, not to exceed 75 years. While serving his sentence in the Idaho State Penitentiary, Pulver filed a Motion for Post-Conviction Relief alleging that he was being held in unlawful custody since:

(1) His plea of guilty was entered under duress (threat of hanging, threat of being prosecuted as a recidivist, and for other crimes);

(2) He was misrepresented and inadequately represented by counsel;

(3) He was denied his right to appeal;

(4) The sentence imposed upon him was illegal (75 years);

(5) He was possessed of facts which would have proved his innocence, but not brought forth on advice of counsel.

The district court dismissed Pulver's Motion for Post-Conviction Relief since in the opinion of the district court:

"* * * it appears that none of the rights of the Movant were impugned or taken advantage of. It appears that he was duly represented, and was fully advised at all times as to his rights in the matter." [1]

The order concluded that "unless new and additional grounds are presented to the Court that the petition will be dismissed within twenty days, as provided by the Statute."

No such grounds were presented and an appeal was taken from the dismissal order on December 22, 1967. This Court dismissed the appeal as being premature, holding that the order was only indicative of the district court's intention to dismiss, rather than being a final judgment of dismissal. In the decision [2] this Court noted the deficiency of the record and that the record showed the case to be still pending.

Therefore a motion for final judgment was made in the district court. Such a judgment was entered on February 24, 1969, and this appeal was taken therefrom on March 4, 1969.

Appellant contends that the trial court erred in dismissing his Motion for Post-Conviction Relief since his plea of guilty was obtained by duress, fraud, and undue influence. Appellant furthermore asserts his plea was entered without an understanding of its true import.

On August 6, 1964, Harvey Pulver was indicted for First Degree Murder (murder while perpetrating burglary). On January 4, 1965, Pulver appeared in district court accompanied by his attorney and the prosecuting attorney. Pulver, indicted for First Degree Murder, asked permission of the court to tender a plea of guilty to the crime of Second Degree Murder. In response to the court's questioning it was found that a plea to Second Degree Murder was agreeable with the state and that the defendant, Pulver, desired to be permitted to enter a plea of guilty to the lesser included offense. Pulver indicated to the court, in the presence of his counsel, that he had discussed his plea with counsel and understood the significance of entering a plea of guilty to the crime of Second Degree Murder, and the penalty that could be imposed. Pulver then entered his plea of guilty to the included offense of Second Degree Murder. Thereupon, the district court adjudged Pulver guilty and ordered him to appear for sentencing. On January 19, 1965, Pulver was sentenced to the Idaho State Penitentiary for an indeterminate term not to exceed seventy-five (75) years.

At oral argument of this case before this Court, a motion was made by the respondent (State of Idaho) to have a letter, written by B. A. McDevitt, trial counsel for appellant, made a part of the record on appeal. The correspondence disclosed that prior to the entry of appellant's plea of guilty to the reduced charge, Pulver and his counsel had discussed, deliberated, and decided that the plea should be entered. The information contained in the letter is material and relevant but this Court must deny the respondent's motion since the letter in question was not considered by the trial court in reaching its decision. The letter cannot, therefore, be considered by this Court on appeal. Nevertheless the record discloses circumstances which show that Pulver's plea was intelligently made with a thorough understanding of its import and consequences.

"In a sense, it can be said that most guilty pleas are the result of a 'bargain' with the prosecutor. But this, standing alone, does not vitiate such pleas. A guilty defendant must always weigh the

---

1. Memorandum Decision and Order of the district court.

2. Pulver v. State, 92 Idaho 627, 448 P.2d 241 (1968).

possibility of his conviction on all counts, and the possibility of his getting the maximum sentence, against the possibility that he can plead to fewer, or lesser, offenses, and perhaps receive a lighter sentence. The latter possibility exists if he pleads guilty * * *.

No competent lawyer, discussing a possible guilty plea with a client, could fail to canvass these possible alternatives with him. Nor would he fail to ascertain the willingness of the prosecutor to 'go along.' * * *

The important thing is not that there shall be no 'deal' or 'bargain', but that the plea shall be a genuine one, by a defendant who is guilty; one who understands his situation, his rights, and the consequences of the plea, and is neither deceived nor coerced." Cortez v. United States, 337 F.2d 699 at 701 (9th Cir. 1964).

The Federal Rules of Criminal Procedure [3] have articulated a standard for accepting guilty pleas. A defendant may plead guilty with the consent of the court. The court however cannot accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. In view of the several criteria discussed above and their application to the circumstances presented by the case at bar it cannot be said that Pulver's plea of guilty was entered under duress nor was it entered without an understanding of its true import, although appellant has so alleged.

■■■■ Appellant's next assignment of error concerns the trial court's refusal to

grant the relief requested since Pulver claims that he was misrepresented and inadequately represented by counsel. This specification of error really involves two distinct claims and we will deal with each individually. The record affirmatively shows that appellant's counsel represented his interests in good faith. Numerous motions were made for the purpose of protecting Pulver's rights.[4]

"The handling of the defense by counsel will not be declared inadequate except in cases where counsel displays such a lack of diligence and competence as to reduce the trial to a 'farce or sham'. People v. Ricks, 161 Cal.App.2d 674, 327 P.2d 209 (1958) ; 23 C.J.S. Criminal Law § 982(8), pp. 968–970." State v. Freeman, 85 Idaho 339 at 348, 379 P.2d 632 at 637 (1963).

The second point raised by appellant regarding his allegation of inadequate counsel involves the claim that multiple representation of four co-defendants in a capital case is violative of his sixth amendment rights. This Court has considered the propriety of representation by one attorney of several co-defendants in the case of State v. Oldham, 92 Idaho 124, 438 P.2d 275 (1968). The appointment by the trial court of the same attorney to represent two defendants indicted for the same crime is not inherently improper. The issue turns on whether or not the multiple defendants have a conflict of interest thereby rendering the defense of one defendant less effective than that of another.

"The appointment by the trial court of the same attorney to represent two de-

---

3. Fed.R.Crim.P. 11

"A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant

corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

4. The record indicates that the following motions were made by appellant's counsel: (a) Motion to postpone arraignment, June 17, 1964; (b) Motion to Quash Indictment, August 28, 1964; (c) Motion for Change of Venue, December 4, 1964; (d) An objection to the jury panel was made on December 28, 1964.

fendants indicted for the same crime is not in itself improper unless the facts show that the interests of the two defendants are in conflict." State v. Oldham, *supra*, at 129, 438 P.2d at 280.

The record in this case reveals that although six individuals were accused of First Degree Murder in the indictment, only four pleaded guilty to the reduced charge of Second Degree Murder. The other two pleaded guilty to a reduced charge of Involuntary Manslaughter. Different counsel had been appointed by the trial court to represent these defendants who entered different pleas. It is apparent that the district court considered the possibility of a conflict of interest and appointed different counsel where there was such a possibility. Therefore under these circumstances and where no trial was required, this Court finds no error.

 Appellant next asserts that the trial court erred by refusing to grant the relief requested since he was denied his right to appeal. However ignorance of the law in failing to appeal from the judgment is insufficient to justify the issuance of post-conviction relief. Gardner v. State, 91 Idaho 909, 435 P.2d 249 (1967). Allegations in an Application for Post-Conviction Relief that a defendant in a state court was not advised of his right to appeal afford no basis for post-conviction relief. United States ex rel. Bjornsen v. LaVallee, 364 F.2d 489 (2d Cir. 1966); McIntosh v. Commonwealth, Ky., 368 S. W.2d 331 (Ky.Ct.App.1963).

"We agree with the District Court. Appellant concedes that he never asked anyone representing the State for advice on his right to appeal or for assignment of counsel on appeal, and never informed any representative of the State of his desire to appeal. The case accordingly differs from United States ex rel. Mitchell v. Follette, 358 F.2d 922 (2d

Cir. 1966) and Pate v. Holman, 341 F.2d 764 (5th Cir.), modified, 343 F.2d 546 (5th Cir. 1965). His claim of constitutional deprivation necessarily rests on the assertion that the State had an affirmative obligation to advise him of his right to appeal and of the procedure to enforce that right. It would unquestionably have been commendable if the State had afforded such advice, see Mitchell, supra, 358 F.2d at 925 n. 2; F.R.Crim.P. 32(a) (2), eff. July 1, 1966, 39 F.R.D. 263 (1966); but the Constitution has not yet been held to require that such advice be furnished." United States ex rel. Bjornsen v. LaVallee, supra, 364 F.2d at 490, 491.

Furthermore there is no constitutional right to appeal. Gardner v. State, *supra*; Allen v. State, 199 Kan. 147, 427 P.2d 598 (1967).

"The right to a fair trial is primary and fundamental. A right of review is secondary, and exists only as an added safeguard against denial of the primary right. The obligation of the state to see that the defendant receives a fair trial is absolute; to provide him an appellate review is optional. That due process compels the court affirmatively to advise a defendant of his right to counsel at the trial stage does not lead to a conclusion that he must also be thus advised at the appellate stage. 'Equal protection' gives to the indigent defendant a right to counsel and to a transcript of the record on appeal if he requests it. In the absence of such a request it does not, in our opinion, oblige the court either to initiate an inquiry or to extend an invitation to appeal." McIntosh v. Commonwealth, *supra*, 368 S.W.2d at 336.

 Appellant contends that his 75 year sentence is illegal and a cruel and unusual punishment.[5] However for parole pur-

---

5. If a life sentence had been imposed he would have been eligible for parole after serving ten years whereas under I.C. § 20–223 he must serve one-third of a sentence for second degree murder, or, in

this case, twenty-five years, before becoming eligible for parole.

I.C. § 20–223 provides that " * * * no person serving a life sentence in the state penitentiary shall be eligible for

poses the sentence will be treated as an effective life sentence and therefore appellant will be eligible for parole after serving ten years of the sentence. King v. State, 93 Idaho 87, 456 P.2d 254 (1969); State v. Butler, 93 Idaho 492, 464 P.2d 931 (1970).

Appellant next contends that he is entitled to an evidentiary hearing for the purpose of determining whether the facts alleged in his motion for post-conviction relief are true. Grounds 2, 3, and 4 raised by appellant [6] are insufficient to warrant the relief requested since the allegations are either clearly disproved by the record of the original proceedings sent up on this appeal, or do not justify relief as a matter of law.[7] The first ground, viz., being held in custody unlawfully since the plea of guilty was entered under duress (threat of hanging, etc.), is the only one upon which appellant might be entitled to an evidentiary hearing since it may involve facts not contained in the record. However appellant failed to allege any facts to support his conclusory allegation. Who threatened Pulver? Where? When? Why? Under what circumstances was he threatened? Were these threats merely the inherent consequences existing in Pulver's own mind because he was charged with First Degree Murder? Was he only anticipating the range of penalties that could have been imposed upon him if he were convicted of first degree murder?

"* * * a plea of guilty is not invalid merely because entered to avoid the possibility of a death penalty." Brady v. United States, 397 U.S. 742 at 755, 90 S.Ct. 1463 at 1472, 25 L.Ed. 747 at 760 (1970); 7 Cr.L. 3064 (5-6-70).

The bald and unsupported allegation recited by Pulver, unsubstantiated by any fact, is insufficient to entitle him to an evidentiary hearing. Furthermore paragraph 12 of the Motion for Post-Conviction Relief requires facts supporting the grounds relief is based upon to be set forth.[8] The record indicates that Pulver left this segment of his motion absolutely blank. The record also reveals that the district court, pursuant to I.C. § 19-4906 [9], indicated its in-

---

release on parole until he has served at least ten years. * * * [And] no person serving sentence in the state penitentiary for * * * murder in the second degree, shall be released on parole before he has served at least one-third of his sentence."

6. (2) misrepresentation and inadequate representation by counsel;
 (3) denied right to appeal;
 (4) imposition of illegal sentence (75 years).

7. As indicated by the cases cited throughout this opinion.

8. "12. State concisely and in the same order the facts which support each of the grounds set out in (10), and the names and addresses of the witnesses or other evidence upon which you intend to rely to prove such facts: (a) _____
 (b) _____
 (c) _____"

9. "19-4906. Pleadings and judgment on pleadings.—(a) Within 30 days after the docketing of the application, or within any further time the court may fix, the state shall respond by answer or by motion which may be supported by affidavits. At any time prior to entry of judgment the court may grant leave to withdraw the application. The court may make appropriate orders for amendment of the application or any pleading or motion, for filing further pleadings or motions, or for extending the time of the filing of any pleading. In considering the application the court shall take account of substance regardless of defects of form. If the application is not accompanied by the record of the proceedings challenged therein, the respondent shall file with its answer the record or portions thereof that are material to the questions raised in the application.
 (b) When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or,

tention to dismiss Pulver's application and also its reasons for so doing. At this point, Pulver had the opportunity to amend his petition and allege facts to support his grounds but failed to do so. Subsequently a formal dismissal order was entered by the court. The procedure followed by the court was authorized by I.C. § 19–4906(b).

"Under the Uniform Post Conviction Procedure Act, the court may grant a motion for summary disposition of an Application for Post-Conviction Relief when it appears from the pleadings and the record that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.C. § 19–4906; I.C. § 19–4907." Larsen v. May, 93 Idaho 602 at 605, 468 P.2d 866 at 869 (1970).

The United States Supreme Court considered the question of summary disposition of petitions for habeas corpus in Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941).

"The court or judge 'shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require.' [10]

It will be observed that if, upon the face of the petition, it appears that the party is not entitled to the writ, the court may refuse to issue it. * * * By this procedure the facts on which the opposing parties rely may be exhibited, and the court may find that no issue of fact is involved. In this way useless grant of the writ with consequent production of the prisoner and of witnesses

may be avoided where from undisputed facts or from incontrovertible facts, such as those recited in the court record, it appears, as matter of law, no cause for granting the writ exists." 312 U.S. 275 at 283, 284, 61 S.Ct. 574 at 578 (1941).

Appellant has not specifically assigned as error the fifth ground alleged in his Motion for Post-Conviction Relief, i. e., "that he was possessed of facts which would have proved his innocence, but not brought forth on the advice of counsel." We note that a perusal of his petition merely states the allegation quoted above but fails to disclose what these facts were. I.C. § 19–4903 provides that:

"* * * *Facts within the personal knowledge of the applicant shall be set forth separately from other allegations of facts and shall be verified as provided in section 19–4902. Affidavits, records, or other evidence supporting its allegations shall be attached to the application or the application shall recite why they are not attached.* * * *." (Emphasis supplied.)

In addition, instructions on the face of the form for post-conviction relief provide that in order for this motion to receive consideration by the district court, it shall set forth in concise form the answers to each applicable question and, further, that any false statement of material fact therein shall serve as a basis of prosecution and conviction for perjury. Furthermore Pulver waived defenses based on these facts which he claims would have proved him innocent by his plea of guilty.

Judgment affirmed.

direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact.

(c) The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law."

10. The statute referred to by the United States Supreme Court in Walker v. Johnston is found in 28 U.S.C. § 461. 28 U.S.C. § 461 has been superseded by 28 U.S.C. § 2243 which is almost identical: 28 U.S.C. § 2243 (last paragraph)

"The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."

**694**

McFADDEN, C. J., and McQUADE, SHEPARD and SPEAR, JJ., concur.

## ON DENIAL OF PETITION FOR REHEARING

DONALDSON, Justice.

Appellant, in his petition for rehearing, directs this Court's attention to the fact that the case of United States ex rel. Bjornsen v. LaVallee, 364 F.2d 489 (2d Cir. 1966) has been overruled by the decision in United States ex rel. Smith v. McMann, 417 F.2d 648 (2d Cir. 1969). That decision however is substantially based on two recent developments in New York State law which have imposed a mandatory duty on attorneys within that jurisdiction, whether assigned or retained, to inform their defendants of the right of appeal.[1] The decision in United States ex rel. Smith v. McMann, supra, is also based on a broad interpretation of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Douglas merely held that indigent state court defendants are to be afforded counsel on appeal, regardless of the merits of the case.

Idaho has no rules similar to those promulgated by the courts of New York State and thus no duty has been imposed in this jurisdiction on court or counsel to inform defendants of their right to appeal.

Petition for rehearing denied.

---

[1]. The Appellate Division of the New York Supreme Court (intermediary appellate court in New York State) promulgated a rule requiring defense counsel to notify the defendant of his right to appeal.

"Where there has been a conviction after trial or otherwise * * * *it shall be the duty of counsel, retained or assigned, and of the public defender * . * * to advise defendant in writing of his right to appeal.*" New York Codes, Rules and Regulations, § 606.5 (1968), Rules of the Supreme Court, Appellate Division, First Department (b) (1). (emphasis supplied).

The rules furthermore provide that, "* * * if a defendant has appeared *pro se, the trial court shall advise a defendant of his right to appeal * * *.*" New York Codes, Rules and Regulations, § 606.5 (1968), Rules of the Supreme Court, Appellate Division, First Department (c). (emphasis supplied).

In 1969, the New York Court of Appeals in the case of People v. Montgomery, 24 N.Y.2d 130, 299 N.Y.S.2d 156, 247 N.E.2d 130 (1969) adopted this requirement.