Fernando **RIVERA ESCUTE**, Petitioner, Appellant,

v.

Gerardo **DELGADO**, Warden, Penitentiary of the Commonwealth of Puerto Rico, Respondent, Appellee.

No. 7660.

United States Court of Appeals, First Circuit.

March 10, 1971.

Ronald L. Carlson, Iowa City, Iowa, with whom Santos P. Amadeo, Rio Piedras, Puerto Rico, Julio Rodriguez, Jr., Hato Rey, and Jorge Santiago, Santurce, Puerto Rico, were on brief, for appellant.

Ruth Tentori de Lebron-Velazquez, Asst. Sol. Gen., with whom Gilberto Gierbolini, Sol. Gen. for the Commonwealth of Puerto Rico, was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

Petitioner appeals from the denial by the District Court for the District of Puerto Rico of a petition for habeas corpus. At present, he is serving a sentence of life imprisonment for a conviction of first degree murder arising out of a crime committed in 1943. Petitioner unsuccessfully appealed his conviction to the Supreme Court of Puerto Rico, People v. Rivera Escute, 66 P.R.R. 207 (1946), sought a writ of habeas corpus in the Puerto Rican Supreme Court, Rivera Escute v. Delgado, 80 P.R.R. 800 (1958), appealed the denial of that petition to this court, Rivera Escute v. Delgado, 282 F.2d 335 (1st Cir. 1960), cert. denied, 365 U.S. 883, 81 S.Ct. 1033, 6 L.Ed.2d 193 (1961), and initiated another unsuccessful petition for habeas corpus in the Puerto Rican courts, Rivera Escute v. Delgado, 92 P.R.R. 746 (1965). In all of these proceedings petitioner, ably assisted by original counsel appointed in 1943, raised the constitutionality of a confession he made to a prosecutor shortly after he was apprehended. Although petitioner was told of his right to remain silent and that any statement could be used at trial, the prosecutor did not advise petitioner of his right to have counsel attend the interview.

In his 1965 petition to the Puerto Rican Supreme Court, petitioner was succesful in persuading the court to adopt the doctrine of Escobedo v. Illinois, 378 U.S. 474, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), but the court refused to give the new doctrine retroactive effect. Petitioner argues before this court that the failure to apply the new doctrine to his case was error. The Supreme Court held in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), that neither *Escobedo* nor Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was to be applied retroactively. It would seem, therefore, that there is no constitutional reason that would compel the Puerto Rican Supreme Court to apply *Escobedo* to petitioner's 1943 confession.

■ ■ Petitioner argues, however, that the 1965 Puerto Rican case was not merely the application of the federal law as expressed in *Escobedo* to Puerto Rico, but rather that the Puerto Rican court was applying the Puerto Rican constitution and was using the *Escobedo* opinion as an analogous precedent. He argues further that in habeas corpus cases, the Puerto Rican Supreme Court has the same status as a United States district court, that a United States district court cannot, because of the case or controversy requirement, create new law without applying it to the case under consideration, and that the ruling in the 1965 case must therefore apply to petitioner. Petitioner does not argue that the Puerto Rican courts are Article III courts and hence bound by the case or controversy requirement of the United States Constitution, *cf.* Great Northern Railway Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932), except in habeas corpus cases. Habeas corpus cases are different, he says, because 48 U.S.C. § 872 gives Puerto Rican courts the power to grant

writs "in all cases in which the same are grantable by the judges of the district courts of the United States. \* \* \*"

We cannot understand how this statutory authority granted by Congress in the exercise of its powers over territorial possessions converts the Puerto Rican courts into federal Article III courts in habeas corpus cases only. Such a ruling would have the anomalous effect of preventing the Commonwealth courts from giving solely prospective effect to cases depending upon the random factor of how the cases came before the court. Moreover, the grant of power does not say that the Puerto Rican courts' authority to issue writs of habeas corpus is limited in exactly the same way that district courts' power is by the case or controversy requirement. The grant of subject matter jurisdiction to decide cases of persons who claim that they are unlawfully imprisoned, does not imply that the courts have no power to issue advisory opinions in those cases. The authority of the Puerto Rican Supreme Court to give only prospective effect to its rulings is dependent on the power granted that court by the Puerto Rican constitution, and that court is the authoritative interpreter of that constitution. We may sympathize with petitioner who has urged the issue of right to counsel at interrogations for so many years only to be denied the benefits of his efforts, but we cannot say that the Puerto Rican Supreme Court had no authority to issue a prospective ruling.

■ At oral argument, petitioner stressed an additional point. The interview at which petitioner made his confession was sometimes referred to in the record as a "preliminary examination". Recently, the Supreme Court has ruled that a "preliminary hearing" is a critical stage of the prosecution at which the defendant's right to counsel attaches. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970). Although the Court has not yet faced the issue whether Coleman is to be given retroac-

tive effect, it has given retroactive effect to several similar opinions in which it held that denial of the right to assistance of counsel would almost invariably deny a fair trial. These stages of the prosecution include the trial itself, some forms of arraignment, and appeal. Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). It seems likely therefore that Coleman also applies retroactively. Thus, if the prosecutor's interrogation in this case is a "preliminary hearing" within the meaning of Coleman, petitioner would be entitled to the relief he seeks unless the absence of possible prejudice was clearly established. Coleman, supra, 399 U.S. at 10–11, 90 S.Ct. 1199.

Normally, prosecutorial interrogations, while governed by Escobedo and Miranda, are not considered preliminary hearings. A preliminary hearing, such as the Alabama procedure at issue in Coleman, seeks to determine if there is sufficient probable cause to allow the state to bring the accused to trial. Coleman, supra, 399 U.S. at 8 n. 3, 90 S.Ct. 1199. Under a Puerto Rican statute which has been repealed since 1952, but which was in effect when petitioner was interrogated, Puerto Rican prosecutors were magistrates with the power to determine probable cause, to issue warrants of arrest, and to fix and take bail. Rivera Escute v. Delgado, 282 F.2d 335, 338 (1st Cir. 1960). Petitioner argues that at the time of his interview, the prosecutor was performing in his magisterial capacity and that the interview was therefore a preliminary hearing within the meaning of Coleman.

All confrontations between prosecutors and defendants were not, of course, preliminary hearings. From our examination of the record, we have determined that the prosecutor was not acting in his magisterial capacity when petitioner confessed. The only support for petitioner's claim is that the prosecutor possessed magisterial powers and that the prosecutor placed him under oath before he took his statement. There were

no other witnesses examined[*]; there was apparently no bail set; the prosecutor apparently did not issue a warrant of arrest, petitioner having been earlier arrested and in custody; and there is no suggestion or evidence that the prosecutor made a formal determination of probable cause. That the proceeding was merely part of the investigation is not only indicated by contemporary references at the trial, but demonstrated by events. Petitioner had been taken into custody and had made several similar oral confessions to the police before the prosecutor was called in. The prosecutor appeared with a secretary and immediately issued warnings and commenced the questioning appearing in the written statement. The formal questioning began in the Detective Bureau Headquarters, was suspended while the petitioner led the prosecutor to various places in retracing his activities on the day of the crime, and was resumed and completed at the Loifza Street Police Station. Furthermore, on his original appeal and when petitioner made his first attempt to secure a writ of habeas corpus, he apparently argued that his conviction was improper because he had been denied a preliminary hearing. The Puerto Rican Supreme Court on two occasions and this court on appeal held that his conviction was proper even though he had been prosecuted on an information which had *not* been preceded by a preliminary hearing conducted by the district attorney. See People v. Rivera Escute, 66 P.R.R. 207, 211 (1946); Rivera Escute v. Delgado, 80 P.R.R. 800, 813–814 (1958); Rivera Escute v. Delgado, 282 F.2d 335, 338–339 (1st Cir. 1960). That petitioner's confrontation by the prosecutor was merely an interrogation and not a preliminary hearing is clearly established. Thus, the doctrine of *Coleman* does not apply to this case.

Even if the interrogation had taken place at a preliminary hearing, we would be inclined to reach the same result. In *Coleman* the Supreme Court pointed to four factors which prompted it to decide that the accused needed the presence of an attorney. The attorney might point out flaws in the state's case by examining witnesses, might obtain impeachment evidence or preserve favorable testimony for trial, might discover the state's case, and might make effective arguments for lower bail or the necessity of an early psychiatric examination. Clearly the first three factors would have benefitted this defendant not at all since there were no other witnesses at the examination but himself. We are inclined to doubt the ability of a defense lawyer to persuade a magistrate to lower bail when the magistrate is also the prosecutor. Petitioner obtained a psychiatric examination before trial, and there was no prejudicial delay, the trial having taken place six months after petitioner's arrest. In short, it would seem that the presence of a defense attorney might have served only to prevent a confession at the examination, but even here, petitioner was not prejudiced. On at least three separate occasions before he confessed to the prosecutor he had confessed to various police officers. This court has already ruled that none of these confessions was coerced. Rivera Escute v. Delgado, 282 F.2d 335, 336 (1st Cir. 1960). Other than being denied the non-retroactive rights afforded by *Miranda* and *Escobedo,* we see no factual prejudice resulting to this petitioner from the absence of counsel at the interrogation by the magistrate. *Cf.* Chin Kee v. Commonwealth of Massachusetts, 407 F.2d 10 (1st Cir. 1969), cert. denied, 395 U.S. 982, 89 S. Ct. 2143, 23 L.Ed.2d 770 (1969).

Affirmed.

---

[*] One witness, Pacheco, stated that he testified under oath before the prosecutor on an occasion when petitioner was in another room. There is no suggestion that this occurred in connection with the questioning of petitioner.