483 P.2d 680

Newell LINDSAY, áka Newell Miles Lindsay, aka Newell M. Lindsey, aka Nowell Miles Lindsay, Applicant-Appellant,

v.

The STATE of Idaho, Defendant-Respondent.

No. 10677.

Supreme Court of Idaho.

April 6, 1971.

Dean Kloepfer, Burley, for applicant-appellant.

W. Anthony Park, Atty. Gen., and Martin R. Ward, Chief Deputy Atty. Gen., Boise, Gordon S. Nielson, Pros. Atty., Burley, for defendant-respondent.

DONALDSON, Justice.

This is an appeal from a district court's order dismissing a prisoner's application for post conviction relief. Newell Lindsay (applicant-appellant), presently incarcerated at the Idaho State Penitentiary, was convicted, on a plea of guilty, of attempted burglary in the first degree and sentenced to not more than five years in prison. He filed an application for post conviction relief in district court claiming that he is being held in unlawful custody because he was under the influence of narcotics at the time of the commission of the crime for which he was charged, and hence was not liable for his actions while under the influence of drugs according to "recent U. S. Supreme Court Ruling's Decree." Lindsay also claimed inadequate representation by court appointed counsel since the attorney failed to bring out his narcotic addiction as a defense for the commission of the crime.

A hearing was held for the purpose of permitting the applicant to prove the truth of the allegations set forth in the petition for post conviction relief and the following information was elicited:

He pled guilty because:

(1) he was not feeling well (influence of heroin);

(2) he was embarrassed because of lack of proper clothing when he appeared at his arraignment;

(3) he wanted his friends (implicated in the crime) to be set free;

(4) promises and threats were made to induce his plea of guilty.

The district court denied the petition for post conviction relief because,

"Mr. Lindsey has failed to sustain the burden of proof that is necessary for him to sustain on his petition." [1]

The applicant has appealed to the Supreme Court from the judgment and order made by the district court dismissing his petition for post conviction relief and urges that the court which accepted his plea of "guilty" committed error since the plea was entered while he was under the influence of drugs and that the plea was coerced because appellant claims he was promised medical attention if he pled guilty. Ap-

pellant also maintains that the court erred by permitting the defendant to enter a plea of guilty before it instructed him as to the consequences of entering such a plea and that the court erred in failing to advise the defendant of his right to appeal.

Appellant claims his plea of "guilty" should be invalidated because at the time it was entered, appellant was under the influence of narcotics. The record indicates that although Lindsey claims he was under the influence of drugs at the time of the entry of his plea, nonetheless, his responses to questioning by the judge indicate a clear understanding on his part of the consequences of pleading guilty and a voluntary desire to do so.[2] Furthermore there

---

1. "Comments" made by the trial court.

2. "THE COURT: Do you understand that you are pleading guilty to a felony for which the maximum penalty is seven and a half years in the Idaho State Penitentiary?
MR. LINDSEY: Yes, sir.
THE COURT: Do you understand that you have a right to trial by jury and at that trial you would be presumed to be innocent until you were proven guilty beyond a reasonable doubt?
MR. LINDSEY: Yes, sir.
THE COURT: Do you understand that by the entry of a plea of guilty you in effect waive a jury trial and leave it up to the Court to determine the disposition of this case?
MR. LINDSEY: Yes, sir.
THE COURT: Do you understand that at such a jury trial the State would have to produce all of its witnesses against you in open Court and that you would have the right through your attorney to cross-examine each and every one of them?
MR. LINDSEY: Yes, sir.
THE COURT: Do you understand that at a trial you would not have to take the witness stand in your own defense unless you wanted to and that if you did not take the witness stand the Prosecuting Attorney could make no comment on your failure to do so?
MR. LINDSEY: Yes, sir.
THE COURT: Have you made any kind of confession or admission to any police officer involving this matter?
MR. LINDSEY: Yes, sir.

THE COURT: Does that have anything to do with your present plea of guilty?
MR. LINDSEY: No.
THE COURT: Do you feel that your confessions or admissions or statements to the police officers were not freely and voluntarily made of your own free will?
MR. LINDSEY: (Nods head.)
MR. BEDKE: I don't think he understood.
THE COURT: By your answer do you mean to indicate to me that those statements were made freely and voluntarily?
MR. LINDSEY: Yeah, I said it on my own.
THE COURT: All right. Do you understand that if you went to trial on this matter that you would have a right to have the Court determine from evidence produced before it whether or not your statements were free and voluntary; do you understand that if you went to trial the Court would have to determine as a matter of law whether or not your statements or confessions were voluntary?
MR. LINDSEY: Yeah, I understand that.
THE COURT: You understand that. And do you understand that if the Court should find from the evidence produced before it that your statements were not freely or voluntarily made that they could not be used against you at the trial?
MR. LINDSEY: (Nods head.)
THE COURT: You understand that?
MR. LINDSEY: Yes, sir.

has been no evidence presented indicating that the drugs, which appellant claims to have used, actually influenced his plea and thus this contention is groundless. Stallard v. State, 6 Md.App. 560, 252 A.2d 267 (1969). The other points raised by appellant are without merit since the testimony [3] clearly indicates that no promises or threats were made to induce appellant to plead guilty, nor was he not instructed as to the consequences of his guilty plea.

■ With respect to the failure of the trial court to advise the appellant of his right to appeal, this Court has held on numerous occasions that there is no "right" to appeal and the failure of the trial court or counsel to advise of this fact does not constitute reversible error. Pulver v. State, 93 Idaho 687, 471 P.2d 74 (1970); Gardner v. State, 91 Idaho 909, 435 P.2d 249 (1967).

Judgment affirmed.

McQUADE, C. J., and McFADDEN, SHEPARD and SPEAR, JJ., concur.

THE COURT: When did you decide to plead guilty? At what point in these proceedings?

MR. LINDSEY: When I talked to my attorney.

THE COURT: And why did you decide to plead guilty?

MR. LINDSEY: Just plead guilty.

THE COURT: Well, had anybody promised you anything to induce you to plead guilty?

MR. LINDSEY: No, sir.

THE COURT: Had anybody threatened you with any kind of action to cause you to want to plead guilty?

MR. LINDSEY: No, sir.

THE COURT: Did you talk about pleading guilty with anyone besides your attorney?

MR. LINDSEY: No, sir.

THE COURT: Are you presently on probation or parole?

MR. LINDSEY: Yes, sir, I am on parole from Utah.

THE COURT: And you are on parole from the Utah State Penitentiary?

MR. LINDSEY: Yes, sir.

THE COURT: Do you know that in pleading guilty to this offense that you are admitting a violation of your parole?

MR. LINDSEY: Yes, sir.

THE COURT: Do you understand that no one can make any promises for me as to how I will dispose of this case; that is, no one can promise I will be easy on you or put you on probation?

MR. LINDSEY: Yes, sir.

THE COURT: Do you realize that as of right this minute I don't know how I will dispose of your case, and I will not know until I have a better understanding of it?

MR. LINDSEY: Yes, sir.

THE COURT: Has anyone promised you or suggested to you that I would be easy on you?

MR. LINDSEY: No, sir.

THE COURT: Reviewing all the things I have told you, do you still desire to plead guilty?

MR. LINDSEY: Yes, sir.

THE COURT: Have I said anything to you that you do not understand?

MR. LINDSEY: No, sir.

THE COURT: Do you have any questions to ask?

MR. LINDSEY: No, sir."

