491 P.2d 733

**Gary L. SMITH, Plaintiff-Appellant,**

v.

**STATE of Idaho, Defendant-Respondent.**

No. 10913.

Supreme Court of Idaho.

Dec. 8, 1971.

W. Anthony Park, Atty. Gen., Martin R. Ward, Deputy Atty. Gen., James G. Reid, Asst. Atty. Gen., Boise, and Hugh C. Maguire, Pros. Atty., Pocatello, for defend-ant-respondent.

DONALDSON, Justice.

On August 3, 1970, Gary L. Smith (appellant) filed a petition for post-conviction relief from a forgery conviction in the Bannock County District (then the Fifth Judicial District) Court on July 28, 1959. Smith has fully served the sentence imposed as a result of the conviction challenged here. The verified petition, prepared by Smith *pro se,* recites that he is currently serving an eight-year sentence for burglary in the Nevada State Penitentiary; that because of the 1959 Idaho felony conviction, he is ineligible for parole under a Nevada statute[1]; and that the 1959 Idaho conviction should be set aside on constitutional grounds.

The petition filed in this case alleges that the 1959 Idaho conviction violated the due process clause of the Fourteenth Amendment to the United States Constitution for several reasons: denial of a motion for a twenty-four hour postponement to allow an essential out-of-state witness to arrive at the trial; a wrongful waiver of a preliminary hearing; a resultant denial of counsel at a "critical stage" of the proceedings; improper admission of evidence of a juvenile crime; refusal to instruct the jury on Smith's principle defense theory; and failure to advise him of his appellate rights.

In response to the petition, the prosecuting attorney for Bannock County filed a motion to dismiss, asserting several grounds for dismissal. Counsel for the petitioner was then appointed. On December 29, 1970, the court issued an order stating that on the basis of the application, the

William W. Becker, Pocatello, for plaintiff-appellant.

---

1. Nevada Revised Statutes § 213.110 in pertinent part provides:

 "1. * * * the board shall have power to establish rules and regulations under which any prisoner who is now or hereafter may be imprisoned in the state prison and who has not previously been more than three times convicted of a felony and served a term in a penal institution may be allowed to go upon parole * * *."

motion to dismiss, and the record before it, no grounds for relief exist; in this order, the court indicated that on January 20, 1971, it would dismiss the application; and on that date an order of dismissal was entered. Neither of the court's orders contains the specific reasons for granting the motion to dismiss.[2]

## I.

Even though Smith has fully served the sentence given him on the conviction here challenged, the questions raised in his petition for post-conviction relief are not moot.[3] In Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 1900, 20 L.Ed.2d 917 (1968), the United States Supreme Court ruled that "a criminal case is moot only if it is shown that there is *no possibility* that any collateral legal consequences will be imposed on the basis of the challenged conviction." (Emphasis added.) The case at bar certainly meets this test. Without pausing to canvass the possibilities in detail, we note that Nevada expressly provides by statute[4] that Smith's conviction may make him ineligible for parole. It has been recognized that adverse effects on an inmate's eligiblity for parole are within the class of collateral legal conse-

quences which will remove a case from the limbo of mootness. United States ex rel. Urbano v. Yeager, 323 F.Supp. 774 (D.N.J.1971); State v. Urbano, 105 Ariz. 13, 457 P.2d 343 (1969), cert. denied, 397 U.S. 948, 90 S.Ct. 968, 25 L.Ed.2d 129 (1970). In both of the cited cases, it was held that the question of whether the defendant suffered a valid 1948 Arizona conviction was not moot, because his eligibility for parole in New Jersey was adversely affected by the Arizona conviction.

There are doubtless other collateral consequences. Moreover, that Smith might have "quite a number"[5] of convictions on his record is not relevant. Sibron v. New York, *supra*; Hewett v. North Carolina, 415 F.2d 1316, 1322 (4th Cir. 1969). Sibron was a multiple offender (392 U.S. at 56, 88 S.Ct. at 1889), and so were the appellants in two other Supreme Court cases[6] where the claim of mootness was rejected. We agree with what the Supreme Court said in *Sibron*:

" [I]t would be impossible for us to say that he had no interest in beginning the process of redemption with the particular case sought to be adjudicated. We cannot foretell what opportunities might present themselves in the future for the

2. I.C. § 19–4906(b) provides, in pertinent part: "When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application *and its reasons for so doing.* The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal." (Emphasis added.) In this case, the judge's order announcing his intention to dismiss stated only this reason: "the application states no grounds for relief." It would be helpful both to the applicant, in preparing a reply to the proposed dismissal, and to this Court, in reviewing the propriety of the final judgment, if the specific reasons for the intended dismissal were stated.

3. In respondent's brief, Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960), is cited in support of the contention that the completion of a prison

term precludes attack of the conviction for which that sentence was rendered. However, Parker v. Ellis was expressly overruled by the United States Supreme Court in Carafas v. LaVallee, 391 U.S. 234, 240, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

4. See note 1.

5. We do not know from the record how many convictions Smith had, for what crimes, or when rendered. But at the hearing on the motion to dismiss, the attorney for the state said:
"The Nevada authorities apparently have charged him with being a recidivist and used one of the Idaho convictions. He had quite a number of them, and I believe I have filed this list with the Court." Transcript p. 14, lines 21–23.

6. Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957); United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

removal of other convictions from an individuals' record." 392 U.S. at 56, 88 S.Ct. at 1899.

The state contends that post-conviction relief may not be invoked to secure judicial determination of questions which, even if determined in favor of the petitioner, could not effect his immediate release from custody, citing United States ex rel. Chilcote v. Maroney, 246 F.Supp. 607 (W.D. Pa.1965), wherein the court stated (at 609) that "habeas corpus will not be available if the vacating of the invalid sentences will only make the relator eligible for parole on the valid sentences." In light of those Supreme Court decisions discussed above, which are more recent than the district court case cited, this cannot be regarded as a correct statement of the law. The standard set down by *Sibron* is whether there is any possibility of collateral legal consequences, not whether granting the relief requested would effect the petitioner's immediate release from custody. Even though a petitioner has been unconditionally released from custody, his cause is not moot where disabilities and burdens may flow from the challenged conviction. Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *cf.* Hewett v. North Carolina, *supra.* Even though the granting of relief probably will not result in petitioner's immediate release, his case is not moot where the challenged conviction adversely affects his eligibility for parole. United States ex rel. Urbano v. Yeager, *supra.* In United States ex rel. Burke v. Mancusi, 276 F.Supp. 148 (E.D. N.Y.1967), the district court anticipated the Supreme Court's current position and held that post-conviction relief will lie where petitioner's opportunity for parole under an admittedly valid conviction is thwarted by the existence of another conviction of disputed validity.

While the determination of this point is controlled by the decisions discussed above, it should also be noted that none of the concededly important policies behind the rule against entertaining moot controversies would be served by a dismissal in this case. *See* Sibron v. New York, *supra*, at 57, 88 S.Ct. at 1889. *See generally* Marchand v. Director, U. S. Probation Office, 421 F.2d 331 (1st Cir. 1970).

## II.

■■ Until the allegations in an application for post-conviction relief are in some manner controverted by the state, they must be deemed to be true, no matter how incredible they may appear to the trial court or to this Court. Tramel v. State, 92 Idaho 643, 448 P.2d 649 (1968). A motion to dismiss, unsupported by affidavits or depositions, does not controvert the facts alleged in the petition. *Ibid.* If, however, the allegations, though uncontroverted, would not entitle the applicant to relief even if proved, it is not error to dismiss the application without affording an evidentiary hearing. Clark v. State, 92 Idaho 827, 452 P.2d 54 (1969).

■ The issue on an appeal from a dismissal, then, is whether the petition alleges facts which, if true, would entitle the petitioner to relief.

■ In his petition, Smith alleges the following facts in support of his contentions that (1) he was deprived of his right to appointed counsel at preliminary hearing, and (2) his waiver [7] of preliminary hearing was constitutionally unsound because it was made without advice of counsel [8] and in order to be given an attorney:

"When petitioner was arraigned in Justice Court, he requested an attorney be appointed him as he was without funds with which to hire an attorney to

7. Waiver of preliminary examination by the accused was (and still is) expressly authorized by statute. *See* I.C. § 19–812.

8. The defendant may waive his rights without advice of counsel, provided the waiver

is made voluntarily, knowingly, and intelligently. *See* Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed 2d 694 (1966).

represent him. The Justice Court informed petitioner that only the district court could appoint an indigent defendant counsel and if petitioner wanted an attorney he would have to waive preliminary hearing, be bound over to the district court and ask that court to appoint him counsel." Transcript, p. 5.

At the time Smith was arrested, the committing magistrate was not authorized to appoint counsel to represent him. Freeman v. State, 87 Idaho 170, 392 P.2d 542 (1964); Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475 (1957), cert. denied, 356 U.S. 941, 78 S.Ct. 785, 2 L.Ed.2d 816 (1958); State v. Calkins, 63 Idaho 314, 120 P.2d 253 (1941). In *Calkins*, defendant was brought before the committing magistrate, who informed him that he was entitled to a preliminary examination and also to an attorney; defendant thereupon requested an attorney; the magistrate then informed him that he was not entitled to have an attorney appointed for him at his preliminary examination, but that he would have to wait until said action reached the district court, at which time the court would appoint an attorney for him. Upon these facts, the court held that no statutory or constitutional right had been denied.

■ In Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970), the United States Supreme Court held that a preliminary hearing—which is not a required step in an Alabama prosecution and the sole purposes of which are to determine whether there is sufficient evidence against the accused to warrant presenting his case to the grand jury and, if so, to fix bail if the offense is bailable—is a "critical stage" of the proceedings, thus requiring the appointment of counsel for indigents under the Sixth and Fourteenth Amendments.[9] A defendant denied counsel at this stage is entitled to a new trial unless "harmless error" can be shown. The question for decision here is whether the rule of Coleman v. Alabama is to be applied retroactively. We hold that the rule is to be applied prospectively only.[10] Therefore, since petitioner's alleged denial of counsel took place more than ten years before *Coleman* was decided, he is not entitled to relief on this ground.

■ In his petition, Smith contends that he was deprived of his right to an appeal because neither court nor counsel advised him that he could appeal. As to the alleged failure of *counsel* to so advise him, however, Smith fails to allege any facts to support his conclusory allegation. A bald and unsupported allegation, unsubstantiated by any fact, is insufficient to entitle a petitioner to an evidentiary hearing. Pulver v. State, 93 Idaho 687, 692, 471 P.2d 74, 79 (1970), rehearing denied, 93 Idaho 694, 471 P.2d 81 (1970). Furthermore, no duty has been imposed in this jurisdiction on court or counsel to inform defendants of their right to appeal; therefore, allegations that a defendant was not advised of his right to appeal afford no basis for post-conviction relief. Lipps v. State, 94 Idaho 185, 484 P.2d 734 (1971); Lindsay v. State, 94 Idaho 149, 483 P.2d 680 (1971); Pulver v. State, *supra*; Gardner v. State, 91 Idaho 909, 435 P.2d 249 (1967).

Appellant cites Gairson v. Cupp, 415 F. 2d 352 (9th Cir. 1969), wherein it was said:

"Trial counsel does not have an obligation to represent his client on appeal.

---

9. The Court reasoned that counsel "is essential to protect the indigent accused against an erroneous or improper prosecution" (399 U.S. at 9, 90 S.Ct. at 2003) —counsel might cause the defendant's release, might obtain favorable testimony for use at trial, might discover much of the prosecution's case, might obtain an early psychiatric examination or bail.

10. Although the United States Supreme Court has not yet ruled on the question, almost all the courts that have considered the issue have concluded that the rule of Coleman v. Alabama is to be applied prospectively only. Olsen v. Ellsworth, 438 F.2d 630, 631 (9th Cir. 1971) (see cases cited therein at footnote 1). *But see*, Rivera Escute v. Delgado, 439 F.2d 891 (1st Cir. 1971) (dictum).

But when trial counsel *knows that his client wants to appeal,* knows that his client is indigent, knows that his client is not represented by appellate counsel, and *knows that his client is ignorant of the availability of an indigent appeal and of the procedure for instituting such an appeal,* the trial attorney has an affirmative duty to protect his client's right to appeal by filing a notice of appeal, or by telling his client how the client can proceed on his own behalf. A trial attorney who has failed to perform that duty had ineffectively represented his client." 415 F.2d at 353 (emphasis added).

However, the facts alleged in appellant's petition are not sufficient to entitle him to relief on the ground that he was ineffectively represented by counsel, as outlined in Gairson v. Cupp, *supra.*

 Finally, Smith alleges the following errors at his 1959 trial: (1) the court improperly admitted evidence of a juvenile crime; (2) the court refused to instruct the jury on petitioner's defense of implied power of attorney; and (3) the court refused to grant a continuance because this indigent defendant could not reimburse the state for the expense of having the jury serve an extra day. In dealing with these alleged trial errors, we must note that an application for post-conviction relief cannot be used as a method of appealing from a judgment of conviction. Dionne v. State, 93 Idaho 235, 459 P.2d 1017 (1969). The statute itself provides that "This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of an appeal from the sentence or conviction." I.C. § 19–4901(b). There is no doubt that by this provision the legislature intended to incorporate the law contained in those habeas corpus cases which hold that such an extraordinary remedy cannot be used as a substitute for an appeal. Note, The Uniform Post-Conviction Procedure Act, 69 Harv.L.Rev. 1289, 1295 (1956); *see* Dionne v. State, *supra.* In this jurisdiction as in others, the courts have uniformly adhered to this principle. E. g., Dionne v. State, *supra*; Wilson v. State, 90 Idaho 498, 414 P.2d 465 (1966); Stokes v. State, 90 Idaho 339, 411 P.2d 392 (1966); Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475 (1957), cert. denied, 356 U.S. 941, 78 S.Ct. 785, 2 L.Ed. 2d 816 (1958); 69 Harv.L.Rev., *supra* at 1295. As stated in Cobas v. Clapp, *supra,*

"The general rule is habeas corpus cannot be resorted to or employed as an appellate remedy or for the purpose of reviewing or correcting errors in the trial, and is not available as a substitute for an appeal or other revisory remedy." 79 Idaho at 425, 319 P.2d at 477.

And as further explained in Stokes v. State, *supra,*

"Habeas corpus is not a corrective remedy, but is concerned only with defects in a proceeding which operate to render a judgment rendered, or process issued, therein absolutely void. It cannot be invoked for use in correcting mere errors or irregularities in the proceedings of a trial court which are not jurisdictional and, at the most, render a judgment merely voidable. The writ of habeas corpus was neither intended to have nor does it have, the primary function of a proceeding for the review of errors committed by a trial court within its jurisdiction, and consequently, it does not have the force and effect of such a proceeding as an appeal, error proceeding, or writ of certiorari. The proper scope of the remedy of habeas corpus as a means of a collateral attack upon a judgment or process which is absolutely void is not to be distorted by an attempt to make the proceeding available as one in the nature of an appeal or error proceeding * * *. 25 Am.Jur., Habeas Corpus, § 28." 90 Idaho at 342–343, 411 P. 2d at 393.

Habeas corpus is available, however, to cure fundamental errors occurring at the trial which affect either the jurisdiction of the court or the validity of the judgment,

even though these errors could have been raised on appeal. Wilson v. State, *supra*. Likewise, under I.C. § 19-4901(a) (1),[11] post-conviction relief is available to cure unwaived constitutional errors [12] or other fundamental errors[13] occurring at the trial.

■ In applying the rule that a post-conviction remedy is not a substitute for an appeal, other courts—in jurisdictions with provisions substantially identical to I.C. § 19-4901—have distinguished between "mere trial errors" (which can be corrected only by direct appeal) and "fundamental errors" (which may be raised even though they could have been raised on appeal). *E. g.*, Hannon v. State, 479 P.2d 852, 853 (Kan.1971); Zimmer v. State, 206 Kan. 304, 477 P.2d 971, 982 (1970); Jackson v. State, 204 Kan. 841, 466 P.2d 305, 308 (1970); State v. Williams, 80 N.M. 63, 451 P.2d 556, 557 (1969) (failure to instruct jury on defense of self-defense could not be raised on a motion for post-conviction relief); Miller v. State, 82 N.M. 68, 475 P.2d 462, 463-464 (1970); State v. Travis, 79 N.M. 307, 442 P.2d 797, 798 (1968); *see, e. g.*, Gaulke v. State, 184 N.W.2d 599, 602 (Minn.1971).

■ None of appellant's three allegations of trial error amounts to fundamental error, and Smith is not entitled to post-

11. I.C. § 19-4901(a) (1) provides:
"(a) Any person who has been convicted of, or sentenced for, a crime and who claims: (1) that the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this state * * * may institute, without paying a filing fee, a proceeding under this act to secure relief."

12. *See* 69 Harv.L.Rev., *supra* at 1295; *cf.*, Brown v. Allen, 344 U.S. 443, 486, 73 S.Ct. 397, 97 L.Ed. 469 (1952) (failure to raise known and existing questions of unconstitutional action prior to conviction bars subsequent objection to conviction of those grounds).

13. Such a fundamental error would be where, for example, a felony offense is

conviction relief based upon these allegations.

The judgment is affirmed.

McQUADE, C. J., and McFADDEN and SHEPARD, JJ., and MAYNARD, D. J., concur.

tried by a court with jurisdiction to try only misdemeanors. A general definition of fundamental error was laid down by the Supreme Court of New Mexico in State v. Garcia, 46 N.M. 302, 309, 128 P.2d 459, 462 (1942):
"Error that is fundamental must be such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive. Each case will of necessity, under such a rule, stand on its own merits. Out of the facts in each case will arise the law." *See also*, State v. Haggard, 94 Idaho 249, 486 P.2d 260, 262 (1971).